DYE *v.* McCANLESS, COMMISSIONER.

(*Nashville*, December Term, 1946.)

Opinion filed May 31, 1947.

PEGRAM & PEGRAM, of Ripley, Mississippi, for plaintiff.

ROY H. BEELER, Atty. Gen., WILLIAM F. BARRY, Sol. Gen., and HARRY PHILLIPS, Asst. Atty. Gen., for defendant.

Mr. Chief Justice Chambliss delivered the opinion of the Court.

By Chapter 49, Acts of 1939, Section 14, as amended by Chapter 167, Acts of 1945, Section 9, before any person may transport more than three gallons of alcoholic beverages within, into, through or from this State in a vehicle other than a common carrier, such person is required first to post with the Commissioner of Finance and Taxation a bond in the sum of $1,000, conditioned that such person will not transport any ahcoholic beverages unlawfully; evidence that the required bond has been posted must accompany the alcoholic beverages at all times during transportation; there must also accompany such beverages at all times a bill of lading, or other memorandum of shipment, signed by the consignor, giving an exact description of the alcoholic beverages being transported, the name and address of the consignor, the name and address of the consignee, the route to be traveled by such vehicle while in Tennessee, which route must be the most direct route from the place of business of the consignor to the place of business of the consignee.

Dye, who operates a taxicab in Ripley, Mississippi, while returning through Tennessee from Metropolis, Illinois, transported in his cab a large quantity of unstamped whiskey, was apprehended and the whiskey and car confiscated. It is conceded that the cab was not a common carrier, that Dye was transporting this whiskey unstamped, and that Dye had not complied in any particular with the law above summarized.

Able counsel for Dye has commendably reduced the issues involved to one single point. He insists that the

statutes do not authorize the confiscation of the vehicle in which the liquor was being transported.

Following a hearing before the Commissioner of Finance and Taxation, which was decided adversely to this insistence, a petition for *certiorari* was filed to the circuit court of Davidson County where the judge sustained the petition, held the confiscation of the vehicle void, and ordered the vehicle restored to Dye. From this judgment of the circuit court the Commissioner has appealed.

Distinguished counsel for Dye adroitly argue that the provisions for confiscation of vehicles transporting intoxicating liquor through Tennessee do not authorize confiscation of the vehicle because the evidence shows that the liquor was not for sale, gift, or distribution in Tennessee.

The language found in the Act of 1939, above cited, repeated in the Act of 1941, pertinent to this question, reads as follows:

"Any vehicle, aircraft or boat not a common carrier which may be used for transportation or storage, either in wet or dry counties, for the purpose of distribution, gift or sale of unstamped alcoholic beverages shall likewise be subject to confiscation and sale in the manner herein provided. Provided further, that should any unstamped alcoholic beverages be found in any vehicle, aircraft or boat, same shall be *prima facie* evidence that it was there for gift, sale or distribution." Pub. Acts 1939, chapter 49, sec. 19; Pub. Acts 1941, chapter 119, sec. 1.

The insistence made on behalf of Dye is that there must be added, by necessary implication, to the words "for the purpose of distribution, gift or sale," the words "in Tennessee"; that otherwise principles denying ex-

tra-territorial jurisdiction would be infringed. And the argument proceeds that since this liquor was not for distribution, gift or sale *in Tennessee,* then under this provision of the Act the vehicle was not subject to confiscation.

Counsel for the State not only denies that this language should be thus added to and construed, but maintains that the question of the right to confiscate a vehicle under such circumstances has been heretofore passed upon and definitely decided adversely to the contention of Dye, and he relies on the opinion of this Court in the recent case of *McQueen* v. *McCanless,* 182 Tenn. 453, 187 S. W. (2d) 630.

In response, counsel for Dye first argue that, although the general question was decided in favor of the right of the Commissioner to confiscate the vehicle, it does not appear that this identical phase of the question was presented to or considered by the Court in the McQueen case; that other defenses were stressed and this particular insistence was not given consideration; and, in the second place, it is insisted that neither *res adjudicata* nor *stare decisis* should be applied to so recent a decision which does not in direct terms dispose of the particular specific contention now being made. In the third place, counsel suggest to the Court, with courteous expressions of deference, that the Court upon consideration now of this particular argument should either distinguish or overrule *McQueen* v. *McCanless.*

We are unable to agree. The *McQueen Case* was exhaustively considered, as the full and clear opinion of Mr. Justice NEIL indicates. We think it was rightly decided and while there is plausibility in the insistence that this specific phase of argument was not stressed, it clearly

appears that the question was considered of the right to confiscate a vehicle being used in transportation of intoxicating liquor through Tennessee in all essential aspects.

We apprehend that distinguished counsel place too much emphasis upon the destination of the vehicle and the place of the ultimate disposition of the liquor. The purpose of the Legislature was not to control its distribution in adjoining States. It is the transportation itself within this State that was undertaken to be regulated and forbidden, unless after compliance with these regulations.

The statute was enacted as a practical, effective means of preventing and detecting fraudulent use of our highways under the pretense of interstate transportation. To adopt the contention now urged upon us would render nugatory this means of preventing such illegal and unlawful use of our highways. We are constrained to reaffirm our holding in *McQueen* v. *McCanless* and reverse the judgment of the circuit court.

All concur.