B. J. Boyd, Commissioner of the Department of Finance and Taxation of the State of Tennessee,

*v.*

Interstate Acceptance Corporation.
*(Nashville,* December Term, 1958.)

Opinion filed July 27, 1959.

Rehearing Denied September 3, 1959.

Henry C. Foutch, Assistant Attorney General, for plaintiff in error.

ALLEN R. CORNELIUS, JR., and WILLIAM R. WILLIS, JR., Nashville, for defendant in error.

MR. JUSTICE PREWITT, delivered the opinion of the Court.

This is another confiscation case wherein the Commissioner, after a full hearing, ordered that the Ford automobile in question be confiscated and sold as provided by law.

The case was taken to the Circuit Court by certiorari and that court reversed the Commissioner, holding that the Commissioner could not legally order confiscation of the car and this appeal resulted.

460

It appears that Mitchell York and wife Lillian York live in Tennessee, near Red Boiling Springs; that they bought the Ford car in question from a dealer in Glasgow, Kentucky, some seventy miles from their home. This car was bought on a credit and the notes were traded to Interstate Acceptance Corporation, a Kentucky Company. They lay claim to the car as a lienor on a conditional sales contract.

The Commissioner contends here that the Acceptance Company did not comply with Section 57-623 T.C.A. in that the Company did not make inquiry preceding the negotiation of the notes, as to the reputation of the purchasers, Lillian York and husband Mitchell York for dealing in liquor.

It further appears from the record that a large quantity of moonshine whiskey was found in this automobile after it was purchased by the buyers Lillian York and husband Mitchell York, and the State contends that both of these buyers had the reputation of illegally and unlawfully selling and transporting intoxicating liquors at the time the whiskey was found in the car.

It appears from the record that there is no requirement in the State of Kentucky that inquiry be made to the Sheriff or other officers for the violation of the liquor laws. Under Kentucky State 244.200, the lienholder is entitled to the satisfaction of his lien.

We think this case must be determined by the law of the State of Kentucky. *Sloan v. Jones,* 192 Tenn. 400-407, 241 S.W.2d 506, 25 A.L.R.2d 1235. This being the case the principles announced in *Dye v. McCanless,* 185 Tenn. 18, 22, 202 S.W.2d 657, and *Evans v. Pearson,* 193 Tenn. 528, 534, 246 S.W.2d 964, have no application.

As before stated this whole transaction took place in the State of Kentucky, and it appears that the Finance Company herein complied with the laws of the State of Kentucky, which does not provide for any investigation as to the prospective buyer.

This being our view of the case there is no error in the judgment of the Circuit Court and it is affirmed.

NEIL, CHIEF JUSTICE, and TOMLINSON, JUSTICE, dissenting.

TOMLINSON, JUSTICE (dissenting).

Section 57-622 T.C.A. makes *"any* vehicle" subject to confiscation when it is being used in Tennessee for the transportation over Tennessee Highways of the intoxicating liquors defined in the statute. In my opinion, the effect of the majority opinion is to judicially amend this statute so as to limit the right of Tennessee to the confiscation of only such of said vehicles as are purchased or financed in Tennessee, whenever the title is outstanding to secure the purchase price.

As I understand the majority view, it is that to apply our confiscation statute to automobiles purchased, with title retained to secure the purchase price, in some State other than Tennessee is to give our statute extra-territorial effect. I do not think that is correct. The Tennessee statute is effective only when the automobile is driven over Tennessee Highways in the prosecution of the illegal liquor traffic. It is then an action against the automobile. So long as that automobile is kept out of Tennessee our confiscation statute does not propose to touch it, as, of course, it could not.

I am unable to agree with the statement in the majority opinion that the "case must be determined by the law of the State of Kentucky". The regulation of the intrastate transportation of intoxicating liquor over the highways of Tennessee seems to me to be a matter that is solely the business of Tennessee.

I fear that the majority opinion is going to materially lessen the effectiveness of this statute, in so far as it applies to confiscation. All that a Tennessee bootlegger need do in order to avoid the confiscation of his automobile, if he purchase it on credit, is to cross the Tennessee line and have his car financed there. Then, so long as the title to such automobile is held by the foreign financier to secure the purchase price, this bootlegger, in so far as confiscation is concerned, can drive it over Tennessee Highways with impunity in his illegal transportation of the liquor specified in this statute.

For the reasons stated, I respectfully dissent.

NEIL, Chief Justice, directs me to note that he joins in this dissent.