Leonard *v.* O'Neal.

GEORGE W. LEONARD *v.* M. T. O'NEAL, Executor.

SHERIFF'S RETURN. *Explanation of, by parol evidence.* A sheriff's testimony in explanation of what was meant by his return is competent, and properly admitted when it does not contradict such return.

FROM MARSHALL.

Appeal in error from the Circuit Court of Marshall county. W. S. McLEMORE, J.

W. J. LEONARD for Leonard.

WARNER, LEWIS & MILLER for O'Neal.

COOKE, J., delivered the opinion of the court.

This was an action of ejectment. The land of the plaintiff in error was levied on, he being in posses-

Leonard *v.* O'Neal.

sion, an order of condemnation had and *venditioni exponas* issued, under which it was sold and purchased by the defendant in error. Leonard waived in writing on the order of sale any advertisement of the sale, and the sheriff, in his return, stated that advertisement and notice had been waived in writing, on the order of sale by the defendant below. On the trial, the plaintiff proved by the sheriff, over the objection of defendant, that he gave the defendant, in writing, the twenty days' notice of the time, place, etc., of sale as required by law, and explained that the statement in his return that the defendant had waived advertisement and notice, had reference alone to the advertisement in the newspapers, and notice of the sale by posters required to be put up at public places, and was not intended by him to mean the twenty days' written notice to the defendant in possession required by the statute, which had been actually given him at the time the return was written.

We think this was not a contradiction of his return, and was competent and properly admitted. The defendant below testified that no such notice was ever given him, but the jury, under a proper charge, found for the plaintiff, and there is evidence sufficient to support the verdict. Some other objections were taken, but we think there is nothing in them.

We see no error in the record and affirm the judgment.