# WILLIAM T. NEWPORT, Jr., v. V. E. SEMONES.—286 S. W. (2d) 876.

Middle Section, at Nashville. November 4, 1955.

Petition for Certiorari denied by Supreme Court, February 3, 1956.

Cameron & Turner, of Chattanooga, for complainant.

W. G. McDonough, of McMinnville, for defendant.

I

SHRIVER, J. Complainant sued the defendant, a nonresident, for $3,000 for personal services rendered as an accountant and tax consultant.

Defendant was then residing in Florida, having sold out a jewelry business which he had operated for many years in McMinnville, Tennessee. Defendant engaged the

complainant to represent him when he became involved with Federal Internal Revenue Department for failure to report and pay income taxes for the years 1946 through 1950.

Suit was instituted as an attachment by garnishment with process served on various tenants of property owned by the defendant and located in McMinnville.

A plea in abatement was filed by defendant which was overruled. Thereafter, he answered denying that he was indebted to complainant in any amount. The garnishees answered, disclosing the amount each owed defendant on the date they were required to answer.

Based on these answers a judgment was rendered in favor of complainant for $752, this being the aggregate of the amounts shown to have been owing by the garnishees to the defendant.

From this judgment defendant appealed and has assigned errors.

The Government's claim against the defendant amounted to some $20,000, predicated on omitted income of the defendant which carried criminal implications as well as civil liability, and the record discloses that defendant, for all the years involved, had failed to report a total of some $32,687 as income, and in no instance reported a sale in an amount in excess of $100 on which an added excise tax was owing.

The complainant herein was able to reconstruct the meager accounts, books and records pertaining to the financial affairs of the defendant and his jewelry business, with the result that he was able finally to settle with the Government for the sum of $15,702.34.

The Chancellor stated in his opinion:

"Complainant detailed at length what was necessary and what was required of him in the way of

services throughout a period of months necessary to effect a settlement. When he finally reached an agreement with the government he wrote defendant and outlined in detail the terms of the settlement at which time he also enclosed a statement of his bill for services, amounting to $3,000.00. Defendant responded by forwarding checks to complainant to be delivered to the government in a settlement of its claim, he neither enclosed complainant's check for services nor did he comment with respect thereto.

"Later and after repeated demands upon defendant to pay complainant he questioned the amount of the bill and this suit resulted.

"Based upon the proof in this record, the Court finds that the fee for services rendered is reasonable and is owing by defendant to complainant. However, the Court is limited in giving judgment in view of the nature of the suit and the absence of personal service, to an amount equal to and not exceeding the sum total of the amounts owing by garnishees, excluding the amount of $1,239.39 reported by the First National Bank, which was carried in a joint account of defendant and his wife, Julia Semones. With respect to this latter sum, the Court holds that this is money or property held by the entireties and is not subject to the individual debt of the husband. See: Sloan v. Jones, 192 Tenn. 400, 241 S. W. (2d) 506 [25 A. L. R. (2d) 1235].

"It being made to appear that defendant has disposed of his property in McMinnville since the institution of this suit and in view of the fact that he is a non-resident, the Court will adjudge complainant with the costs of the cause."

The decree of the Chancellor was for the sum of $752,

representing the sum total of the amounts found to be owing by the garnishees in their answers, with the exception of the bank, wherein there was a joint account of the defendant and his wife.

## II

There are ten assignments of error which it will not be necessary to discuss separately and in detail.

■ The first seven assignments assert that the complainant did not sufficiently prove his case because of his failure to introduce certain records. Mr. Newport, the complainant, enumerated the services performed by him in considerable detail and, as is pointed out by counsel for complainant, defense counsel was present when the deposition was taken and the files and records of complainant were present and available to him for cross-examination. We are, therefore, of opinion that there is no merit in said assignments.

It is also complained in assignments Nos. 1 and 2, that the Chancellor erred in not sustaining numerous exceptions that were made to the questions and answers in the complainant's deposition, and that of his witness, Dewey G. Hixon.

Assignments 4 and 5 are to the same effect with regard to exceptions to certain other evidence.

An examination of these depositions shows that the evidence was entirely admissible. Defendant had a reasonable opportunity to examine the records in question and to cross-examine the witnesses regarding same.

This Court agrees with the Chancellor that there is no merit in these exceptions, consequently, said assignments are overruled.

■ Assignment No. 6 complains that certain evidence by the complainant in rebuttal was, in fact, testi-

mony in chief, but, upon examination of the questions and answers, this Court is of opinion there was no material error on the part of the Chancellor in overruling exceptions to this testimony. The Chancellor has a wide discretion as to the admission of material evidence so as to arrive at the truth, and this is particularly true with respect to the order or sequence in which it is introduced. Hence, this assignment is overruled.

Assignments Nos. 3 and 7 are repetitious of other assignments and likewise are overruled.

Assignment No. 8 complains, (1) that the attachment is null and void because the garnishments which support it are null and void and illegal; (2) that by virtue of the attachment being null and void and illegal, the Chancery Court had no jurisdiction of this suit against the defendant, a non-resident of Tennessee; (3) that with said attachment being null and void, there was no property attached, hence the suit should be dismissed; (4) that the sheriff's amendments of the attachment and garnishments were of such nature that the original error was not corrected.

Assignment No. 9 is to the same effect but in different language. It complains that the Chancellor erred by abusing his discretion in permitting the sheriff, or the complainant, to amend the attachment and garnishments.

Defense counsel elaborates by saying that it was originally returnable to the first day of Court, namely, February 22, 1954, that an attachment cannot be amended after the return day, and he avers that the attachment and the garnishments supporting it were null and void because the court could not, or should not, have allowed amendments so as to change the answerable date on the garnishments after the original return date.

To the same effect is assignment No. 10.

The questions involved, then, in assignments 8, 9 and 10 go to the proposition that the attachment, or the garnishments, or both, were rendered void by reason of the amendments allowed by the Court, and that, in any event, the Chancellor abused his discretion by allowing such amendments.

The defendant's plea in abatement complains that the garnishments served on the several garnishees were made returnable on February 28, 1954 and alleged that said date was on Sunday and, therefore, the process was illegal.

Thereafter, on motion of complainant to amend, the Court entered a decree which recites:

"In this cause, the complainant moved the court for an order directing the sheriff of Warren County to amend his return dates on the writs of attachment served by him upon certain parties named in the bill. In view of Tennessee Code Section 8707, together with the discretionary powers of the Chancellor, this Court is of the opinion that this motion is well taken and that same should be allowed, except that the returns thereon should be to the 3rd Monday in March, 1954, in lieu of February 22, 1954. The Court is of the further opinion that the plea in abatement filed by the defendant in said cause is not well taken, and it is therefore: ordered adjudged and decreed that the plea in abatement filed by the defendant in said cause be and is in all respects overruled, and the defendant hereby awarded until the first Monday in April 1954, in which to plead further."

The decree then ordered the sheriff of Warren County to correct and amend the appearance date of the writ of

attachment by garnishment served on the several garnishees.

Thereafter, orders were entered to the effect that the garnishments be amended so as to be answerable on the third Monday in April 1954 and such amendments were accordingly made, pursuant to the direction of the Court.

Sec. 8707, Williams' Code Ann., referred to by the Chancellor in his decree, is as follows:

"No summons, writ, pleading, process, return, or other proceeding in any civil action in any court, shall be abated or quashed for any defect, omission, or imperfection."

Sec. 8710 of the Code provides that immaterial variances, errors, omissions, or defects may be disregarded, or the Court may direct an amendment without costs.

Sec. 8711 of the Code provides:

"The court may allow material amendments at any stage of the proceedings, upon such terms, and subject to such rules, as it may prescribe."

Under the authority of Atkinson v. Rhea, 26 Tenn. 59; Elliott v. Jordan, 66 Tenn. 376 and Leonard v. O'Neal, 84 Tenn. 158, and other later cases, a sheriff may amend his return upon an execution at any time, when he is not a party to the litigation.

By analogy, we think the sheriff may amend his return on a garnishment so as to change the date of the answer thereof, particularly, where he is ordered to do so by the Court.

Sec. 9428 of Williams' Code Ann., provides for attachment by garnishment in cases where property or choses in action of the debtor are in the hands of third persons, or where third persons are indebted to such debtor.

Sec. 9430 of said Code provides:

"Attachment by garnishment is effected by in-

forming the debtor of the defendant, or person holding the property of the defendant, that the property in his hands is attached, and by leaving with him a written notice that he is required to appear at the return term of the attachment, or before a justice of the peace, at a time and place fixed, to answer such questions as may be asked him touching the property and effects of the defendant.''

There was substantial compliance with the foregoing statutes in the case at bar.

 As was said in State, For Use of Arnold v. Linaweaver, 40 Tenn. 51, 52:

"A garnishment is in the nature of an attachment, and upon its service the property, effects, or debts in the hands of the garnishee is in the custody of the law, and beyond the control of either the garnishee, or the judgment debtor.''

In said opinion on page 54 the Court said further:

"The effect of the garnishment was to bind the debt, and place it out of the power of the parties— no change could effect the creditors, as their right to the money was fixed by law, upon the state of facts at the date of service.''

Thus, the property of the debtor impounded by an attachment which was valid in the beginning, was not thereafter invalidated, nor was the status of the impounded property changed, by reason of amendments which postponed the date on which the garnishees were to answer to the Court.

In Woodfolk v. Whitworth, 45 Tenn. 561, it was held that a defect in a notice to a garnishee was waived by an appearance and answer. To the same effect is the holding of the Court in Moody v. Alter, 59 Tenn. 142 and in Johnson v. Luckado, 59 Tenn. 270, where it was held:

"Though granted upon insufficient allegations, an attachment holds unless, at the proper stage, steps be taken to discharge it. Objections to the process are waived by an answer."

██ Under the foregoing authorities, and for the reasons hereinabove stated, this Court is of opinion that the Chancellor committed no error in overruling and disallowing the plea in abatement of the defendant. It therefore follows that assignments Nos. 8, 9 and 10 are overruled.

### III

Finding no error in the action of the Chancellor but being satisfied that substantial justice was done, the judgment of the trial Court is in all things affirmed.

The appellant will pay the costs, and the cause is remanded to the Chancery Court of Warren County for such other and further proceedings as may be necessary and proper.

Affirmed and remanded.

Felts and Hickerson, JJ., concur.