CLOIE CONNER, Admrx., Complainant-Appellee,

*v.*

GEORGE W. HOLBERT et al., Defendant-Appellant.

NICK RAY HOLBERT b/n/f, Complainant-Appellee,

*v.*

GEORGE W. HOLBERT et al., Defendant-Appellant.

(*Knoxville,* September Term, 1958.)

Opinion filed December 12, 1958.

Ely & Ely, Knoxville, for complainants-appellees.

Hugh C. Simpson, Knoxville, for defendant-appellant.

Mr. Justice Swepston delivered the opinion of the Court.

These cases come to this Court on the appeal of George W. Holbert from the action of the chancellor in sustaining the demurrer of Nick Ray Holbert and the demurrer

of Burkhart Quarry & Supplies, Inc. and the East Tennessee Title Insurance Company, Inc., to the amended and supplemental cross-bill of George W. Holbert filed on January 3, 1958. Before stating the demurrer, it will be necessary to abstract the prior pleadings filed in these causes beginning with the original bill in each case, in order that a proper understanding of the ruling with reference to the demurrer may be had.

Preliminarily, it should be stated that on the morning of December 10, 1952, Margaret, the wife of George W. Holbert, died of gunshot wounds inflicted upon her by her said husband.

On January 7, 1953, two original bills were filed against George W. Holbert, which were later consolidated. One was filed by Cloie H. Conner, as Administratrix of Margaret Louise Holbert, deceased. Only such averments thereof as are necessary for present purposes will be stated. It is averred that the wounds were feloniously inflicted; that deceased was the owner of a considerable amount of personal property including (a) fixtures and equipment in what is known as "Margaret's Grill" located on real property belonging to her, and (b) a life insurance policy on her life in the amount of $1,000.

The prayer is (1) an injunction to prevent defendant from disposing of any of said real or personal property and from collecting said life insurance, (2) for a receiver to take charge and sell said personal property, (3) a decree that defendant has no interest in said estate, by reason of his having feloniously killed decedent, (4) for the proceeds of said insurance policy, and (5) for general relief.

January 15, 1953, George W. Holbert filed his answer (1) that his deceased wife never owned any of said real or personal property but merely held it in trust for him because he paid for same several months before they were married and she agreed to hold the same in trust for him, (2) he denies he forfeited any right to said insurance proceeds by reason of any alleged felonious killing; but wants the same paid to the undertaker.

The other original bill was filed by the son of said George and Margaret Holbert, Nick Ray Holbert, by next friend. The averments are (1) he is their only child, (2) that said decedent owned certain real estate, (3) defendant father feloniously killed complainant's mother, (4) and has, therefore, forfeited all interest in said deceased wife's property, (5) and has no curtesy right in said real estate. The relief sought is that he should account for certain United States bonds belonging to complainant and that defendant be dispossessed of said real estate and enjoined from interfering therewith, etc.

Likewise, on January 15, 1953, George W. Holbert filed his answer averring (1) the same trust agreement with reference to the title of the real estate held in the name of his wife as set out in the answer to the other bill, (2) denies the felonious killing and resultant alleged forfeiture of his interest in his wife's estate, (3) denies any interest of son in said bonds.

A receiver was appointed for both causes.

On August 13, 1953, George W. Holbert filed his supplemental answer and crossbill averring (1) since the filing of the original answer he has been convicted of voluntary manslaughter. But he has not forfeited any right to his interest in his deceased wife's property, as

said statute does not apply to such conviction and by his cross-bill he avers by reiteration the same trust agreement with reference to the real estate and personal property vested in the name of his wife who was at that time his fiancee. He prays (1) that said trust be decreed in his favor, or in the alternative (2) he be declared the owner of a vested (presumably from later pleadings he means curtesy) interest in his deceased wife's realty. The record at pages 69, 102-105 reflect that the real and personal property of the grill was sold without participation of George W. Holbert and with his rights reserved to elect to proceed against the land or the proceeds of same. The decree confirming this sale was entered on February 15, 1954, and shows that the property was sold for $30,000 on cash and terms. On March 1, 1956, there appears an order reflecting that the contract of said purchaser was transferred to Burkhart Quarry & Supplies, Inc. Out of the proceeds of this sale all of the debts of the estate of the decedent were paid and the mortgage indebtedness on the property and all expenses of administration, etc.

In the meantime, he had been provided with $80 per month for expenses of schooling and living, etc., and the disability of minority of Nick Ray Holbert was removed. No answer had been filed in his behalf to the supplemental cross-bill of George W. Holbert filed August 5, 1953, so that the latter sought a *pro confesso* on May 3, 1957, which was refused by order of May 15, 1957. The record reflects that on May 17, 1957, by the orders referred to above as appearing on pages 101-105 Nick Ray Holbert desired to withdraw from the registry of the court the net proceeds of the sale of said above property, which was objected to by George W. Holbert, and the court provided that, since only the interest of Nick Ray Holbert had been

sold, he could withdraw the said funds, unless George W. Holbert should file a bond in the penalty of $20,000 to protect Nick Ray Holbert, to all of which George W. Holbert expected and prayed an appeal.

On May 21, 1957, there was filed the answer of Nick Ray Holbert to the supplemental answer and cross-bill of August 13, 1953, of George W. Holbert, in which he denies the averments of same and sets up the alleged inconsistencies of the claims of George W. Holbert, alleged delay in prosecuting his claim and alleged election of remedies in claiming proceeds of sale. On December 17, 1957, Nick Ray's motion to dismiss said cross-bill for inconsistency and laches was disallowed. Then on January 3, 1958, the heretofore mentioned amended and supplemental cross-bill was filed by George W. Holbert reiterating the alternative claims he had theretofore made as to the alleged trust agreement and in the alternative, his rights in his deceased wife's property if same should be so adjudged. Then he brought in two new parties, Burkhart Quarry & Supplies, Inc., and East Tennessee Title Insurance Company, for the reason that the title to said real estate, which he claimed by reason of the alleged trust, had been vested in said Burkhart Quarry Company, said title had been guaranteed by said Tennessee Title Insurance Company in whose hands there remains the sum of twenty-odd thousand dollars as the proceeds of the sale of said property. He then prays in the alternative that title to said real estate be declared vested in him by reason of said alleged trust agreement and that the deed to said Burkhart Quarry & Supplies, Inc., be declared a cloud upon his title; that in the event the court should find that the equities required a sale of the property to satisfy liens and debts for which he was liable, he be

declared entitled to the net proceeds of sale after the payment of all such debts and reasonable expenses; in the alternative, if the court should not find a trust, it should declare his interest by the curtesy right and award him a judgment for the use thereof from the time he was ousted of possession.

That brings us to the demurrer which was sustained by the chancellor. The substance of it is (1) no equity on the face of same, (2) alleged gross laches of said George W. Holbert, (3) alleged trifling with the court by the inconsistent claims alleged to have been made by him, (4) alleged election to claim the proceeds of sale thereby waiving his right to claim otherwise, (5), (6) and (7) alleged contradictory and inconsistent and repugnant statements under oath because his cross-bills were under oath. The demurrer of the Quarry Company and the Title Company have an eighth ground which is that there is no privity of contract between them and George W. Holbert.

From the foregoing abstract of the pleadings and proceedings, it seems readily apparent to us that there is no merit in the demurrer filed in behalf of Nick Ray Holbert. With reference to laches, George W. Holbert promptly filed his answer in each of the cases and then after he was convicted for voluntary manslaughter, he promptly filed his answer and cross-bill in the proper case. This latter was not answered by counsel for the minor, Nick Ray Holbert, until almost four years later. What is sauce for the goose ought to be sauce for the gander and you have a minor on the one side and a convict in the penitentiary under sentence of ten years, as reflected by the record, on the other side. Neither one is in

a position to charge the other with delay. Moreover, mere delay or laches alone is never sufficient to cause a court of equity to penalize on account of same unless some deleterious result flows from the delay. There is not one iota of any such situation here; even the purchaser of the real estate and the Title Company were charged with knowledge of these court proceedings.

Again, we do not see any inconsistency or repugnancy in the position assumed in the alternative by George W. Holbert. His first position is simply this, that he paid for the property, had the title put in his wife's name under an agreement with her to hold it in trust for him and if he can establish that trust he is the owner of the property; but since his wife is dead and he is, therefore, not permitted to testify to transactions with the deceased and possibly for lack of other proof, he may not be able to prove the trust; in which event, the property as a matter of law would belong to his wife's estate and as a matter of law, he would be entitled to curtesy therein; further, he objected to the sale of the property until his rights were determined, but since the property has been sold under the theory necessarily that only the interest of Nick Ray Holbert was sold, George W. Holbert is entitled to have the proceeds impounded because a sale under such conditions is a virtual adjudication in advance that there was no trust in the property by which the property belonged to him; he, therefore, is entitled to have the proceeds held secure and subject to the possibility that he may be able to establish the trust in the property and the consequent ownership of the fee in himself. Clearly, there is no inconsistency in these positions.

■ Yet there is another reason why this demurrer of Nick Ray Holbert can not be maintained. In his answer to the supplemental answer and cross-bill of August 13, 1953, which was filed on May 21, 1957, he set up these three grounds above mentioned, i. e. laches, inconsistent positions and election to take the proceeds of the sale, so that when George W. Holbert's amended and supplemental cross-bill of January 3, 1958, was filed by permission of the Court and he simply reiterated the statements of the alternative relief he had sought from the very beginning. Hence, it was too late for Nick Ray Holbert to demur in view of his having predicated his answer on the same propositions theretofore.

The demurrer of the Quarry Company and the Title Company is the same as that of Nick Ray Holbert except the additional ground that there is no privity of contract between the parties, but said demurrer has no merit for the reasons first above stated with reference to the demurrer of Nick Ray Holbert; and so far as the last ground is concerned, it is not a question of privity of contract but a question of being charged with knowledge of the proceedings affecting the title to the real estate.

For the foregoing reasons, the decree below is reversed and the cause remanded for further proceedings.