FIRST AMERICAN NATIONAL BANK, Administrator of the
ESTATE OF MILTON S. EVANS, Deceased, Appellee,

*v.*

JEWELL B. EVANS, MRS. EARNEST H. ZIMMERLEE,
KENNETH WARREN EVANS, and FRANKLIN D. EVANS,
Appellee and Appellants.

417 S.W.2d 778.

(*Nashville*, December Term, 1966.)

Opinion filed July 28, 1967.

REBECCA THOMAS, Nashville, for Mrs. Earnest H. Zimmerlee, Kenneth Warren Evans, and Franklin D. Evans, appellants.

NEIL ROBERTSON, Ashland City, for Jewell B. Evans, appellee.

MR. JUSTICE CRESON delivered the opinion of the Court.

This appeal comes from the Chancery Court of Cheatham County, Tennessee.

On May 6, 1966, the appellee, First American National Bank, Administrator of the Estate of Milton S. Evans, filed its bill for declaratory judgment. That bill named as defendants Jewell B. Evans, the widow of Milton S. Evans, Mrs. Earnest H. Zimmerlee, Kenneth Warren Evans, and Franklin D. Evans, the children of Milton S. Evans, deceased, by a prior marriage.

The question presented for determination in that court and in this was and is—who is entitled to the proceeds of a promissory note executed by Charles A. Petre and

wife, Frances F. Petre, in the original principal amount of $41,000.00, and payable to "Milton S. Evans et ux". This note represented the proceeds of a sale of real estate belonging to Milton S. Evans. Mr. Evans had acquired the entire title to this property, by reason of his survivorship of his first wife.

A stipulation of facts was entered into in the trial court. The case was heard in the trial court upon bill and answer, and stipulation of facts. The facts stipulated are as follows:

"In this cause, by agreement of the parties, as evidenced by the signatures of their counsel hereto, it is stipulated as follows:

'Complainant First American National Bank is the duly appointed and lawfully acting administrator of the estate of Milton S. Evans, deceased, and is entitled to bring this suit under Sections 23-1101 et seq. Tennessee Code Annotated.

'Said Milton S. Evans died intestate on February 3, 1966, leaving a widow, Defendant Jewell B. Evans, to whom he was married on the 31st day of October, 1962, and three children of a previous marriage, Mrs. Earnest H. Zimmerlee, Franklin D. Evans and Kenneth Warren Evans.

'Said Milton S. Evans and his former wife, Myrtle Evans, mother of said children, owned as tenants by the entireties a certain tract of land in Davidson County, Tennessee, the same having been conveyed to them on August 19, 1943, by deed of record in Book 1274, page 340, Register's office for said County.

'Myrtle Evans died on October 2, 1958.

'On March 22, 1963, said Milton S. Evans and Jewell R. Boyte Evans executed a deed conveying said real estate to Charles A. Petre, Sr. for the sum of $54,000.00, of which $13,000.00, was paid in cash and for the remaining $41,000.00 the purchasers executed a promissory note.

'Said promissory note was dated March 22, 1963, was in the principal sum of $41,000.00, was payable to "Milton S. Evans et ux" and was signed by Charles A. Petre, Sr. and wife, Frances F. Petre. A photostatic copy of said note is attached hereto as Exhibit "B" and made a part thereof.

'All instruments in connection with said transaction were drawn by attorneys for the purchasers and forwarded to the sellers, and said Milton S. Evans did not have legal advice in connection therewith.

'It is further stipulated that all of the exhibits attached to the original bill are true and genuine and that they may be considered as having been put in evidence in the cause.' "

On January 17, 1967, the trial court filed a memorandum opinion. That opinion concluded that Milton S. Evans and his wife, Jewell B. Evans, took the promissory note as tenants by the entirety, with concomitant right of survivorship. Thus, the trial court determined that upon the death of Milton S. Evans, Jewell B. Evans became the sole owner of the note in question.

On February 18, 1967, a final decree was entered, declaring the ownership of the note in question to be vested in Jewell B. Evans.

Appeal has been timely perfected to this Court by Mrs. Earnest H. Zimmerlee, Kenneth Warren Evans, and

Franklin D. Evans. It is admitted by these appellants that there is really only one question for decision by this Court, which is, as stated by them, as follows:

"Absent any evidence of intention, is a note payable to a man 'and wife' sufficient to establish tenancy by the entireties, notwithstanding the fact that the consideration for the execution of the note was property not so held?"

 This Court, after a careful examination of the cases and text authority cited by both appellants and appellee, and much independent research, has concluded that the Chancellor correctly answered this question in the affirmative. The Chancellor, in his memorandum opinion, relied heavily upon the case of *Smith v. Haire* (1915) 133 Tenn. 343, 181 S.W. 161. That case establishes, beyond question, that a tenancy by the entirety may be created in this State in personal property, and this without regard to the source of the property so held. This Court, in that opinion, said the following:

"Where an obligation is taken to husband and wife, such joint security or chose in action survives to the wife as against the personal representative of the husband. It makes no difference whether the consideration of the chose in action passes from the husband or not. The form of the security implies a design on the husband's part to benefit the wife, and the law will effectuate this design."

The Court of Appeals, in an opinion affirmed by this Court in *Preston v. Smith* (1955) 41 Tenn.App. 222, 293 S.W.2d 51, quoted, with approval, the following from American Law of Property, Vol. II, Sec. 6.6, page 25:

"Today, tenancy by the entirety arises only when the grantor or testator intends that it should. Husband and wife take as tenants in common or joint tenants if the conveyance so indicates. If the conveyance is to the husband and wife without any affirmative expression of how they are to take, there is a presumption that they take by the entirety."

This position is supported by the annotation in 64 A.L.R.2d 33 (Estate by Entirety, Personalty, Sec. 10). In this annotation, it is shown that a promissory note made payable to husband *and* wife is generally held to create a tenancy by the entirety. This proposition is supported by cases from many jurisdictions. Thus, the language used in the promissory note presently before this Court; that is, "Milton S. Evans et ux", in our opinion, in the absence of any showing of an intention to the contrary, unquestionably created a tenancy by the entirety. The authorities relied upon by the appellants are, in the main, distinguishable on their facts.

The appellants cite the cases of *Oliphant v. McAmis* (1954) 197 Tenn. 367, 273 S.W.2d 151, *Melhorn v. Melhorn* (1961) 208 Tenn. 678, 348 S.W.2d 319, and *Sloan v. Jones* (1951) 192 Tenn. 400, 241 S.W.2d 506, for the proposition that in order for a tenancy by the entirety to be created in personal property, evidence of an intention to create a tenancy by the entirety over and beyond making the note payable to husband and wife is essential. They argue that there is no such showing in the present case.

In *Oliphant v. McAmis,* supra, there was no written conveyance to husband and wife.

In *Melhorn v. Melhorn,* supra, the parties were not husband and wife, as in this case.

There is nothing to be found in *Sloan v. Jones*, supra, in conflict with what is herein said and held.

It might be noted that all three of these cases recognize the fact that a tenancy by the entirety may be created in personal property, but none of them involve so classic a situation as the present case where a property interest is unqualifiedly conveyed to husband and wife.

The judgment of the trial court is affirmed, with costs of this appeal assessed against Mrs. Earnest H. Zimmerlee, Kenneth Warren Evans, and Franklin D. Evans.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and HUMPHREYS, JUSTICES, concur.