Frank L. Burt, Jr.

*v.*

James B. Edmonds, Robert E. Irwin, Comfort Systems, Inc., and Mid-South Title Company.

456 S.W.2d 342.

(*Jackson,* April Term, 1969.)

Opinion filed December 8, 1969.

As Amended on Rehearing February 16, 1970.

WILLIAM A. SANDS, Memphis, for appellant.

HEISKELL, DONELSON, ADAMS, WILLIAMS & WALL, Memphis, for James B. Edmonds.

HENRY T. V. MILLER, and McDONALD, KUHN, McDONALD, CRENSHAW & SMITH, Memphis, for Comfort Systems, Inc.

Mr. Justice McCanless delivered the opinion of the Court.

In December, 1961, and January, 1962, the complainant, Frank L. Burt, Jr., and his wife, Betty Ann Burt, the defendant, James B. Edmonds, and his wife, Jeanne H. Edmonds, and the defendant Robert E. Irwin, and his wife, Donna J. Irwin, purchased two contiguous tracts containing together 139 acres at or near Germantown in Shelby County for $320,000.00. Of this consideration the purchasers paid $8,000.00 and for the rest they assumed existing indebtedness and gave their own notes secured by their deeds of trust on the properties. The purchasers —considering each husband and wife as one purchaser— each paid one-third of the expense of closing the transaction and one-third of the cash payment, and each husband and wife owned a one-third interest in the venture. The parties entered into no written contract but there is no contention that the interests were other than equal, and it is clear from the record that all the purchasers expected a quick sale of the property at a substantial profit. The complainant is a licensed real estate broker and the others depended on him to negotiate the sale.

When a note of $16,000.00 matured on May 15, 1962, the complainant, after an unsuccessful effort to have its maturity extended, paid it with funds that he had borrowed for that purpose. Before he made this payment the complainant, as agent, had obtained sales contracts from the defendants, Edmonds and Irwin. Their wives had not joined in the execution of these contracts, and

Edmonds insists that the complainant took and was given them for his own benefit; that he could have sold the property at a profit which he could have kept for himself; and that his payment of $16,000.00 was a down or earnest money payment that he made on his own account. The complainant contends that he got the contracts only so he might be in a better position to negotiate with a prospective purchaser. This issue has been the subject of serious controversy in the suit and much of the testimony relates to it, but both the Chancellor and the Court of Appeals have found that the contracts and the $16,000.00 payment were for the benefit of all three shares in the venture and not for the complainant alone. The proof conflicts but the issue was found for the complainant by the Chancellor and by the Court of Appeals and this concurrent finding of fact is conclusive upon us. Sec. 27-113, T.C.A.

In July, 1962, the complainant informed the defendants, Edmonds and Irwin, that he was unable then to conclude the sale of the property and asked them to pay him their ratable parts of the $16,000.00 payment he had made. They refused and have never contributed anything toward this payment although all payments before and since—taxes, interest, and principal—were made equally, each share making its one-third part of every payment that the parties made for any purpose.

By 1964 the defendant, Irwin, was in financial difficulties and, being indebted to Lennox Industries, the parent corporation of the defendant, Comfort Systems, Inc., he and his wife gave it a deed of trust on their property, including their share in the Germantown real estate. Later on the deed of trust was foreclosed and Comfort

Systems, Inc., bought the share, but from a date that preceded the foreclosure, Comfort Systems, Inc., paid one-third of the taxes and interest as those items came due.

The parties—Comfort Systems, Inc., succeeding to the share of Robert E. and Donna J. Irwin—owned the property for more than five years, during which time the complainant continued to try to sell it. He demanded contribution once and perhaps more than once of the defendants, Edmonds and Irwin, and, after Comfort Systems, Inc., became interested, at least once of that defendant. Considering that the parties dealt with each other constantly for more than five years it is remarkable that more was not said about this item. The record does show, however, that the complainant made demand, and it does not show that he ever made any suggestion that he did not expect to collect his debt when the property was sold, and certainly no document signed by any of the parties contained a stipulation inconsistent with the complainant's insistence.

By April, 1967, a sale of both tracts for $400,000.00 had been negotiated and was scheduled for closing at the offices of the defendant, Mid-South Title Company, on that day. After the parties had signed the documents and the funds were in the hands of the Title Company, as escrow agent, the complainant filed his suit by which he enjoined the Title Company from disbursing $14,340.74, the amount that the complainant had calculated was due him from the others including interest. The complainant did not sue Jeanne H. Edmonds or Donna J. Irwin.

It is not necessary to discuss the pleadings, but it may be noticed that the defendant, Robert E. Irwin, did not

answer the bill and that a judgment *pro confesso* was entered against him. His whereabouts is unknown.

The Chancellor found that the complainant had been guilty of such laches as precluded his recovery. The Court of Appeals was of the contrary opinion.

Mr. Justice Swepston, speaking for this Court, said:

"Moreover, mere delay or laches alone is never sufficient to cause a court of equity to penalize an account of same unless some deleterious result flows from the delay." *Conner v. Holbert,* 204 Tenn. 164, 319 S.W.2d 72.

■ The defendant, Edmonds, testified that he would not have conveyed his share had he known that the complainant still claimed contribution, but he did not prove that any deleterious result flowed from the delay or from the conveyance. The complainant had paid $16,000.00 for the three shares, all three enjoyed the benefit of his payment, and he is entitled to contribution from the defendants, Edmonds and Irwin. He demanded payment and was repelled, and it is not shown that a repetition of the demand would have resulted in collection. Equity follows the law and the complainant's delay was for a shorter period than the period of limitation provided by statute for suits for the collection of debts. Justice demands that the defendants, Edmonds and Irwin, make contribution and laches has barred the complainant's right against them.

■■ The complainant's claim against the defendant, Comfort Systems, Inc., is in a different situation. The defendant, Irwin, owes his contribution just as the defendant, Edmonds, owes his, but he is irresponsible finan-

cially and the complainant's effort is to force the Comfort Systems, Inc., to pay Irwin's debt. But this debt was not secured by a lien on the land, and the circumstance that Comfort Systems, Inc., bought at the trustee's sale the share that Irwin had owned is no reason for it to be liable for Irwin's unsecured obligation. The knowledge by a purchaser that his vendor is indebted to another does not impose a liability on the purchaser. We concur with the Court of Appeals that Comfort Systems, Inc., is not liable to the complainant and dismiss the suit as to it.

The effect of the conveyances of 1961 and 1962 to the complainant and his wife and the defendants, Edmonds and Irwin, and their wives was to create three tenancies by the entirety: the Burts took an undivided one-third as tenants by the entirety; the Edmondses took an undivided one-third interest as tenants by the entirety; and the Irwins an undivided one-third interest as tenants by the entirety. *Taul v. Campbell,* 15 Tenn. 319, p. 333; *United States v. Ragsdale* (D.C.Tenn.) 206 F. Supp. 613.

"The effect of a deed for land to husband and wife has been settled beyond controversy, by the common law, for centuries. They take but one estate, as a corporation would take, being by the common law deemed but one person; and, if one die, the estate continues in the survivor, the same as if a corporator were to die. Co. on Lit. 187, b; 2 Bl. Com. 182; 2 Kent's Com. 132. And if an estate be conveyed to husband and wife, and to a third person, the husband and wife only take the one moiety, and the third person the other moiety. Co. on Lit. 187, a.'' *Taul v. Campbell,* supra.

When a tenancy by the entirety is conveyed the proceeds are held in the same manner as was the real

estate, that is, by the entirety. *United States v. Rags-dale,* supra. It follows that when the real estate was sold on April 10, 1967, one-third of the proceeds belonged to Comfort Systems, Inc., as successor in title to Robert E. Irwin and Donna J. Irwin, one-third to Frank L. Burt and Betty Ann Burt, and one-third to James B. Edmonds and Jeanne H. Edmonds. But the wives are not parties. Mrs. Jeanne H. Edmonds, the wife of the defendant, Edmonds, has as much interest in the proceeds of the sale as does her husband and that interest is not separate from that of her husband but is that of a tenant by the entirety with him, and no decree in a suit to which she is not a party can affect her right to the fund. It results that the fund that belongs to the defendant, James B. Edmonds, and Jeanne H. Edmonds cannot be subjected to the complainant's demand.

The complainant is awarded a recovery of $6,896.00 against the defendant, James B. Edmonds, but because of the interest of Jeanne H. Edmonds, as tenant by the entirety in the fund in the custody of the defendant, Mid-South Title Company, the fund cannot be subjected to the satisfaction of the recovery but will be released to the defendant, James B. Edmonds, and Jeanne H. Edmonds. Because the suing out of the injunction by the complainant was wrongful and resulted in the wrongful impoundment of the funds belonging to the tenants by the entirety, interest on the recovery is awarded only from the date of the entry of the final decree. The complainant is awarded a decree against Robert E. Irwin for $6,896.00 plus interest from the date the complainant filed this suit. The funds of Comfort Systems, Inc., in the custody of Mid-South Title Company are released to it, and a decree for interest from the date of the suing out of its

injunction is awarded the defendant, Comfort Systems, Inc., against the complainant and the surety on his injunction bond.

The costs are decreed two-third against the complainant and one-third against the defendant, Edmonds. The defendant, Mid-South Title Company, is dismissed without costs.

A decree will be entered in conformity with this opinion.

DYER, CHIEF JUSTICE, and CHATTIN, CRESON and HUMPHREYS, JUSTICES, concur.