Virginia W. WHITE et al., Appellants,

v.

Claudia Mae Henson WATSON et al., Appellees.

Court of Appeals of Tennessee, Eastern Section.

July 6, 1978.

Certiorari Denied by Supreme Court Sept. 18, 1978.

Duggan, McDonald & Hawley, Chattanooga, for appellants.

Whitson, Webb & Burns, Cleveland, for appellees.

## OPINION

PARROTT, Presiding Judge (E. S.).

In this chancery cause plaintiffs, the five children of decedent, William Watson and his first wife, have appealed from the chancellor's finding that a certificate of deposit, three promissory notes, a savings account, and a checking account were held by the decedent and his wife as tenants by the entirety with a right of survivorship and did not pass under the decedent's will.

W. M. Watson died on November 13, 1973, and left surviving his widow Claudia, an appellee, and their son Dale, an appellee, and five children of a previous marriage who are the appellants. William M. Watson's will dated November 7, 1972, and probated December 18, 1973, contained the following provision: "I give, devise and bequeath to my wife, one-half of all personal property which consists of notes, certificates of deposit, and savings certificates, and any cash money that I have in any checking accounts or on my person at the time of my death, with the balance to be divided equally between my six (6) children, if they survive me . . . ." The provision of the will then goes on to name the six children.

At the time of Mr. Watson's death he possessed three promissory notes with a total unpaid balance of a little over $358,-000.00. These notes were made to "W. M. Watson and wife, Claudia Watson." Each of the notes is secured by a trust deed and are the proceeds from the sale of two motels and a farm which Mr. and Mrs. Watson owned as tenants by the entirety prior to the sale of these properties. Also there is a certificate of deposit issued by the Merchants Bank of Cleveland, Tennessee, in the face amount of $250,000.00 and is made payable to "W. M. Watson and/or wife, Claudia Watson." There was also a savings account in the amount of $3,604.00 and a checking account with a balance of $1,630.93. Each of these accounts is made to "W. M. Watson or Mrs. W. M. Watson or Claudia Watson."

William M. Watson and his first wife were divorced on September 1945. A short time thereafter he married his present widow, Claudia Watson. Claudia and William Watson were very successful business people. They at one time owned two motels and a farm; all of the properties were accumulated after their marriage. The testimony shows that Mr. and Mrs. Watson both worked and operated these businesses. All of the promissory notes, certificates of deposit and bank deposits result from the sale of these motels and farm.

There is testimony in the record from a shoeshine boy, an uncle of the plaintiffs, and a fireman also related by marriage to the plaintiffs that Mr. Watson told them that he wanted his children to have $50,-000.00 each and that's what he had provided for in his will.

The widow, Claudia Watson, testified that shortly before W. M. Watson made his will, she discussed the matter with him and said: "Well, are you going to leave it all to me?" And Mr. Watson's reply was: "Yeah, you know I will, you are the one that helped make it."

George R. Taylor, president of the Merchants Bank which issued the certificate of deposit, testified that he remembered the transaction very well because of the large amount of money. It was his testimony that when he inquired of Mr. Watson how he desired the certificate to be made, he told him that he wanted it so his wife would receive the proceeds of the certificate and that was the reason the certificate was made to "W. M. Watson and/or wife, Claudia Watson." Mr. Taylor described Mr. Watson as an astute businessman, experienced in commercial transactions.

It is well established in Tennessee, as in the majority of American jurisdictions, that personal property may be held by the entirety. *Ames v. Norman,* 36 Tenn. 638 (1857). It has also been expressly and specifically held that a tenancy by the entirety with the right of survivorship may exist in promissory notes, certificates of deposit, and bank accounts. *Smith v. Haire,* 133 Tenn. 343, 181 S.W. 161 (1915) [certificates of deposit]; *Sloan v. Jones,* 192 Tenn. 400, 241 S.W.2d 506 (1951) [bank accounts]; *First American Natl. Bank v. Evans,* 220 Tenn. 393, 417 S.W.2d 778 (1967) [promissory notes]. Further, it is generally held that in the absence of an agreement or understanding to the contrary, when a tenancy by the entirety is conveyed, the proceeds are held in the same manner, that is, by the entirety. *Burt v. Edmonds,* 224 Tenn. 403, 456 S.W.2d 342 (1969). In voluntary sales of land by tenants by the entirety, the above rule has been applied to the proceeds whether consisting of notes, mortgages, cash, or otherwise. See annotation and collection of cases in 64 A.L.R.2d p. 47.

In this cause it must first be determined whether or not the notes, certificate of deposit, and bank accounts were held by Mr. and Mrs. Watson as tenants by the entirety or as tenants in common. Appellants argue that where personal property is held in the name of husband and wife without an affirmative expression as to how they are to hold said property, there is a presumption that they take by the entirety. It is strongly insisted that this is a rebuttable presumption that may be overcome by competent credible proof. In support of their contention, appellants cite the case of *Preston v. Smith,* 41 Tenn.App. 222, 293 S.W.2d 51 (1955) where it was quoted with approval the following from the American Law of Property, Vol. 2, Sec. 6.6, p. 25: "Today, tenancy by the entirety arises only when the grantor or testator intends that it should. Husband and wife take as tenants in common or joint tenants if the conveyance so indicates. If the conveyance is to husband and wife without any affirmative expression of how they are to take, there is a presumption that they take by the entirety." The later Supreme Court case, *First American Natl. Bank v. Evans,* supra, quoted the above portion of *Preston v. Smith.* In the *Evans* case a note was made payable to "Milton S. Evans, et ux" and our Supreme Court held: "The language used in the promissory note presently before this Court; that is, 'Milton S. Evans et ux,' in our opinion, in the absence of any showing of any intention to the contrary, unquestionably created a tenancy by the entirety."

We believe the above expression by the Supreme Court clearly implies that when personalty is jointly acquired by husband and wife without limitations or conditions attached to it, it becomes entirety property with a right of survivorship.

When we apply the above rules of law to the facts in this case we concur in the chancellor's finding that the personalty in question was held as tenants by the entirety with the right of survivorship. We note that the notes and funds used to purchase the certificate of deposit were derived from the sale of real estate which was held by the decedent and his wife as tenants by the entirety. Therefore, the rule in *Burt v. Edmonds,* supra, would require that these funds derived from the voluntary sale of the property owned as tenants by the entirety remain in the same manner, that is, the proceeds are held as tenants by the entirety unless there was some expressed intention on the part of both tenants to create a different ownership. We find that once a tenancy by the entirety is created, it can be terminated only when both convey, when one spouse dies and the survivor becomes owner of the whole, or when the survivorship is dissolved by divorce and the parties become tenants in common in the property.

Further, it is a well recognized rule that an interest of a tenant by the entirety cannot be passed by will. *Beddingfield v. Estill & Newman,* 118 Tenn. 39, 100 S.W. 108 (1907); *Sloan v. Jones,* supra; 25 A.L. R.2d 1235 (1951).

It results the decree of the chancellor is affirmed with all costs taxed to appellants.

SANDERS and GODDARD, JJ., concur.