IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 8, 2000 Session

# HEIRS OF NEIL G. ELLIS v. THE ESTATE OF VIRGIE MAE ELLIS

**Appeal from the Probate Court for Rutherford County**
**David Loughry, Judge**

_____

## No. M1999-00897-COA-R3-CV - Filed April 11, 2001

_____

This is a will case. The wife, as the husband's conservator, sold the couple's real and personal property and deposited the proceeds into a joint checking account and into investments in the wife's name only. The husband died, and the wife died less than one hundred twenty hours later. Both of their wills devised all of their property to each other. The wife's will was admitted to probate. The husband's heirs moved the trial court to apply provisions of Tennessee's Uniform Simultaneous Death Act to equally divide the proceeds of the couple's jointly held property between the husband and wife's separate estates. The trial court denied the motion, holding that the Act did not apply and that sole ownership of the proceeds from couple's real property, which was held as tenants by the entirety, vested in the wife upon the husband's death. The husband's heirs appealed. We affirm, finding that sole ownership of the proceeds from the couple's jointly held real and personal property vested in the wife upon the husband's death. We also find that the husband and wife's devises of any individually owned personal property would both lapse and the property, or its proceeds, would remain in each spouse's separate estate. We remand the case to the trial court to determine whether any of the personal property was owned individually, whether any such property was sold, and if so, the value of the property.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court is Affirmed and Remanded.

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Laurie Y. Young, Murfreesboro, Tennessee, for the appellants, Heirs of Neil G. Ellis.

William W. Burton, Murfreesboro, Tennessee, for the appellee, Estate of Virgie Mae Ellis.

**OPINION**

Virgie Mae Ellis ("Wife") and Neil Ellis ("Husband") were married in 1944. The couple had no children during their marriage. In April 1998, Wife filed a petition in the trial court to establish herself as Husband's conservator, due to his advanced age and deteriorating physical and mental condition. In the petition, Wife listed Husband's assets as follows:

| | | |
|---|---|---|
| A. | A 64+ acre farm, house with 3 bedroom, 2 bath, living/dining room and den, separate garage/ workshop and barn | $160,000.00 |
| | Furniture and personal possessions | 13,998.00 |
| B. | Farm machinery & tools | 25,000.00 |
| C. | Fishing boat/motor | 250.00 |
| D. | EE Savings bond | 10,000.00 |
| E. | Suntrust joint checking account | 200.00 |
| F. | Burial insurance - Single premium deferred annuity | 7,726.00 |
| G. | Cemetery plot | 650.00 |
| H. | 1985 Ford Pickup (both names) | 2,850.00 |
| I. | 1991 Plymouth Acclaim (both names) | 2,400.00 |
| | Total | $223,074.00 |

The October 1978 deed for the farmhouse and surrounding real estate states that the property was transferred to both Husband and Wife.

On April 23, 1998, the trial court entered an order appointing Wife as conservator for Husband. The order permitted Wife, with the trial court's approval, to sell the parties' farmhouse and surrounding real estate, as well as the parties' personal property, and to deposit the proceeds from the sales into an interest-bearing account. The order required Wife to use the proceeds from the sale of all of the parties' property to pay for Husband's monthly nursing home costs.

On February 11, 1999, Husband died. Wife died three days later, on February 14, 1999, less than one hundred twenty hours after Husband's death. Both deaths were of natural causes. Husband and Wife had identical wills, each devising and bequeathing all of their property to the other. The wills did not name a contingent beneficiary. The wills did not include either a provision on the couple's simultaneous death or a provision requiring devisees to survive a given period of time in order to take under the will.

In March 1999, Wife's brother, Hall Irby ("Irby"), submitted to the trial court a report on Husband's conservatorship. In the report, Irby stated that he had been appointed Wife's attorney-in-fact in January 1998. From that time until Wife's death, Irby maintained Husband and Wife's financial records, changed the couple's investments at Wife's direction, and made assisted living arrangements for Wife. The first action taken pursuant to the conservatorship was the redemption

2

of Husband's savings bond. Irby reported that the bond was redeemed for $7,132.00 and the proceeds deposited into Husband and Wife's joint checking account in order to pay Husband's health care costs. When it became apparent that the couple's health would prevent them from ever returning to live at the farmhouse, Irby arranged a sale of the farmhouse and the surrounding real estate, as well as an auction of most of their personal property. The farmhouse and surrounding real estate sold for a net price of $280,726.43.[1] An auction of the personal property resulted in net proceeds of $63,287.95. Proceeds from the sales were deposited into the couple's joint checking accounts, and were also invested into several certificates of deposit and an investment account. The certificates of deposit and the investment account were in Wife's name only. Dividends and interest from the certificates of deposit and the investment account were reinvested into the particular investment.

On March 26, 1999, the trial court entered an order admitting Wife's will to probate. On August 3, 1999, Husband's heirs filed a notice of intervention, asserting that Wife's estate should be equally divided between Wife's heirs and Husband's heirs. In a subsequent brief, Husband's heirs argued that, because Husband and Wife died within one hundred twenty hours of one another, Tennessee Code Annotated §§ 31-3-120[2] and 31-3-104[3] should be applied to distribute their jointly-

---

[1] The contract of sale for the farmhouse and surrounding real estate was signed by Irby as "[power of attorney ] for Virgie Mae Ellis and Guardian for Neil Ellis." Wife subsequently signed the warranty deed for herself and as Husband's conservator.

[2] Tennessee Code Annotated § 31-3-120 states:

(a) An individual who fails to survive the decedent by one hundred twenty (120) hours is deemed to have predeceased the decedent for purposes of the homestead allowance, year's support allowance, exempt property, elective share and intestate succession, and the decedent's heirs are determined accordingly.
(b) A devisee who fails to survive the testator by one hundred twenty (120) hours is deemed to have predeceased the testator, unless the will of the decedent contains language dealing explicitly with simultaneous deaths or deaths in a common disaster or requiring that the devisee survive by a stated period of time in order to take under the will.
(c) If it is not established by clear and convincing evidence that an individual who would otherwise be an heir or devisee survived the decedent by one hundred twenty (120) hours, it is deemed that such individual failed to survive for the required period. This section is not to be applied if its application would result in property of any nature escheating to the state.

[3] Tennessee Code Annotated § 31-3-104 states:

Where there is no sufficient evidence that two (2) joint tenants or tenants by the

owned property equally to their separate estates. Wife's estate objected, arguing that all property held as tenants by the entirety passed to Wife upon Husband's death.

On September 15, 1999, after a hearing, the trial court issued an order denying the motion of Husband's heirs to equally divide the couple's jointly owned property between their separate estates. In the order, the trial court held that Tennessee Code Annotated § 31-3-120 does not apply to property owned as tenants by the entirety, and that Tennessee Code Annotated § 31-3-104 does not apply in this case.

On September 24, 1999, Husband's heirs filed a motion for a new trial. In the motion, Husband's heirs argued that the trial court erred in failing to apply Tennessee Code Annotated §§ 31-3-120 and 31-3-104 in this case. Husband's heirs again noted that Husband and Wife died within one hundred twenty hours of one another, arguing that this made their estates subject to the provisions of Tennessee Code Annotated § 31-3-120. Husband's heirs also contended that, because Husband and Wife died "simultaneously" as the term is defined in section 31-3-120, Tennessee Code Annotated § 31-3-104 should be applied to distribute half of Wife's estate to Husband's estate.

On October 7, 1999, the trial court issued an order denying the motion for a new trial. The trial court held that Tennessee Code Annotated §§ 31-3-102 and 31-3-104 do not apply in this case. It found that the proceeds from the sale of Husband and Wife's real property were deemed to be held as tenants by the entirety. From this order, and from the September 15, 1999 order, Husband's heirs now appeal.

On appeal, Husband's heirs argue that the trial court erred in failing to apply Tennessee Code Annotated § 31-3-120. They assert that proceeds from the sale of property owned as tenants by the entirety retains its character as tenants by the entirety. They contend that, because Wife failed to survive Husband by one hundred twenty hours, she is presumed under section 31-3-120 to have predeceased Husband. Thus, Husband's heirs claim, Husband's testamentary devise of the proceeds of the couple's property held as tenants by the entirety lapses, and the property passes to Husband's estate. Husband's heirs also argue that the trial court erred in failing to apply Tennessee Code Annotated § 31-3-104 in this case. They assert that section 31-3-104 should apply because failure to survive a joint tenant by one hundred twenty hours is equivalent to "simultaneous" death under Tennessee's version of the Uniform Simultaneous Death Act.

Wife's estate argues that neither of the statutes cited by Husband's heirs apply in this case. Wife's estate concedes that proceeds from the sale of property owned as tenants by the entirety

entirety have died otherwise than simultaneously, the property so held shall be distributed one-half (1/2) as if one had survived and one-half (1/2) as if the other had survived. If there are more than two (2) joint tenants and all of them have so died, the property thus distributed shall be in the proportion that one bears to the whole number of joint tenants.

retains that character. However, Wife's estate asserts that sole ownership of the proceeds from Husband and Wife's property held as tenants by the entirety vested in Wife upon Husband's death.

The issues presented in this case are questions of law. Consequently, the scope of review is *de novo* with no presumption of correctness in the trial court's decision. ***See State v. Levandowski***, 955 S.W.2d 603, 604 (Tenn. 1997); ***Ridings v. Ralph M. Parsons Co.,*** 914 S.W.2d 79, 80 (Tenn. 1996).

Tennessee Code Annotated §§ 31-3-120 and 31-3-104 were enacted as part of Tennessee's version of the Uniform Simultaneous Death Act. *See* Tenn. Code Ann. §§ 31-3-101 through 31-3-120 (1984 and Supp. 2000). Tennessee Code Annotated §§ 31-3-120(b) and (c) provide:

> (b) A devisee who fails to survive the testator by one hundred twenty (120) hours is deemed to have predeceased the testator, unless the will of the decedent contains language dealing explicitly with simultaneous deaths or deaths in a common disaster or requiring that the devisee survive by a stated period of time in order to take under the will.

> (c) If it is not established by clear and convincing evidence that an individual who would otherwise be an heir or devisee survived the decedent by one hundred twenty (120) hours, it is deemed that such individual failed to survive for the required period. This section is not to be applied if its application would result in property of any nature escheating to the state.

Tennessee Code Annotated § 31-3-104 provides:

> Where there is no sufficient evidence that two (2) joint tenants or tenants by the entirety have died otherwise than simultaneously, the property so held shall be distributed one-half ( 1/2) as if one had survived and one-half ( 1/2) as if the other had survived . . . .

Under Tennessee law, spouses holding property as tenants by the entirety have the right as a unit to the current use and enjoyment of the property. ***See Weaver v. Hamrick***, 907 S.W.2d 385, 388 (Tenn. 1995) (citing ***In re Arango***, 992 F.2d 611, 613-614 (6th Cir. 1993). As individuals, they each possess a right of survivorship; if one spouse dies, then the other spouse takes the property in fee simple absolute. ***See Weaver***, 907 S.W.2d at 388; *see also* ***Grahl v. Davis***, 971 S.W.2d 373, 378 (Tenn. 1998) (stating that upon death of one spouse, ownership of tenancy by the entirety property immediately vests in surviving spouse). It is well recognized that the interest of a tenant by the entirety cannot be passed by will. ***See White v. Watson***, 571 S.W.2d 493, 495 (Tenn. Ct. App. 1978) (citing ***Sloan v. Jones***, 241 S.W.2d 506 (Tenn. 1951); ***Beddingfield v. Estill & Newman***, 100 S.W. 108 (Tenn. 1907)). If property held as tenants by the entirety is conveyed, the proceeds of the property are held in the same manner, absent an agreement or understanding to the contrary. ***See White***, 571 S.W.2d at 495 (citing ***Burt v. Edmonds***, 456 S.W.2d 342 (Tenn. 1969)).

In this case, it is undisputed that Husband and Wife jointly owned their farmhouse and surrounding real estate as tenants by the entirety. The deed originally conveying the property expressly states that it was transferred to both Husband and Wife. The property was sold and the proceeds were deposited into the couple's joint checking accounts, and were also invested into several certificates of deposit and an investment account. The certificates of deposit and the investment account were in Wife's name only. However, the proceeds of the couple's real property owned as tenants by the entirety continued to be held as tenants by the entirety under Tennessee law. *See White*, 571 S.W.2d at 495. It is undisputed that Husband predeceased Wife. Upon Husband's death, sole ownership of the proceeds of the couple's real property owned as tenants by the entirety vested immediately in Wife alone. *See Weaver*, 907 S.W.2d at 388. Consequently, we affirm the trial court's holding that sole ownership of the proceeds from the sale of the parties' farmhouse and its surrounding real estate vested in Wife immediately upon Husband's death.

The report on Husband's conservatorship indicates that most of Husband and Wife's personal property was sold by auction. The proceeds were placed into two joint checking accounts, and were also invested into several certificates of deposit and an investment account. As noted above, the certificates of deposit and the investment account were in Wife's name only. The record on appeal does not specify what items of personal property were sold or what items of personal property, whether sold or retained, were individually or jointly owned.[4] As with the proceeds from Husband and Wife's jointly owned real property, the proceeds from the parties' jointly owned personal property would vest immediately in Wife alone upon Husband's death. *See Weaver*, 907 S.W.2d at 388.

As to any individually owned personal property, both of Husband and Wife's wills devised and bequeathed all of such property to each other. Husband and Wife failed to survive each other by one hundred twenty hours. Under these circumstances, Tennessee Code Annotated § 31-3-120(b) applies and each spouse is deemed to have predeceased the other. Husband and Wife's testamentary devises of any individually owned personal property would both lapse and the property, or its proceeds if sold at auction, would remain in each spouse's separate estate. The order of the trial court below does not address such individually owned property. Therefore, we remand this case to the trial court to determine whether any of Husband and Wife's personal property was owned individually, whether any individually owned personal property was sold at auction, and if so, the value of the property.

Husband's heirs argue that Tennessee Code Annotated § 31-3-104 applies in this case because failure to survive a joint tenant by one hundred twenty hours is equivalent to "simultaneous" death under Tennessee's version of the Uniform Simultaneous Death Act. However, courts in other states have interpreted the term "simultaneous" as used in the Uniform Simultaneous Death Act to mean "the same time." *See, e.g., McCurtis ex rel. Love v. Life Ins. Co. of North America*, 849 F. Supp. 1141, 1146, n. 11 (S.D. Miss. 1994); *Smith v. Smith*, 317 S.W.2d 275, 282 (Ark. 1958). We

---

[4] In its appellate brief, Wife's estate states that "all of the personal property involved in this case was owned as tenants by the entirety." However, there is no direct proof of this assertion in the record.

6

are persuaded to interpret the provisions of Tennessee's version of the Act so as to make uniform the law in those states which enact it. *See* Tenn. Code Ann. § 31-3-107 (1984). This issue on appeal is without merit.

In summary, we affirm the trial court's holding that sole ownership of the proceeds of Husband and Wife's property held as tenants by the entirety vested in Wife upon Husband's death. Devises of individually held personal property, or the proceeds therefrom, would lapse and the property or its proceeds would remain in each spouse's separate estate. We remand the case to determine whether any of Husband and Wife's personal property was owned individually, whether any individually owned personal property was sold at auction, and if so, the value of such property.

The decision of the probate court is affirmed and remanded as set forth above. Costs are assessed against the appellants, Heirs of Neil G. Ellis, and their surety, for which execution may issue if necessary.

 

 

 

HOLLY KIRBY LILLARD, J.