SLOAN *v.* JONES *et al.*

(*Nashville,* December Term, 1950.)

Opinion filed July 27, 1951.

ALBERT F. SLOAN, of South Pittsburg, for appellants.

A. A. KELLY, of South Pittsburg, for appellees.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This is a contest between the heirs of a deceased wife and the administrator of her deceased husband over a fund which was deposited in a Tennessee bank in the name of "Joe Tatum or wife" when both Joe Tatum and wife were residents of Tennessee. Subsequent to this deposit Joe Tatum and wife moved to the State of Ala-

bama where the wife pre-deceased her husband who subsequently died and the administrator (the appellant herein) qualified as administrator of his estate. Obviously the administrator takes the position that this estate created an estate by the entireties and upon the death of the wife the husband succeeded to the entire estate. The contrary position is taken by the appellees, heirs of the wife, who take the position that the estate should be divided according to the laws of Alabama and according to the law of descent and distribution of that State. The Chancellor decided with the appellees, that is, that the estate was governed by the laws of the State of Alabama governing ownership of property between a husband and wife and governing descent and distribution. The administrator has seasonably perfected his appeal and we have heard argument and given the matter serious consideration.

■■ Our first consideration, obviously, is whether or not a bank deposit made in the name of ''A or Wife'' creates an estate by the entireties in Tennessee where such estates are recognized. We do not propose to go into any academic discussion of such estates as the previous decisions of this Court, and others, have fully and amply covered this field. Suffice it to say that the essential characteristic of such an estate is that each spouse is seized of the whole or the entirety and not of a share, moiety, or divisible part. Each is seized per tout et non per my. *Bennett* v. *Hutchens,* 133 Tenn. 65, 179 S. W. 629. The previous decisions of this Court have recognized the fact that an estate by the entireties existed in personal property. *Smith* v. *Haire,* 133 Tenn. 343, 181 S. W. 161, Ann. Cas. 1916D, 529; *Campbell* v. *Campbell,* 167 Tenn. 77, 66 S. W. (2d) 990 and *State ex rel.* v.

*Progressive Building & Loan Ass'n,* 174 Tenn. 597, 129 S. W. (2d) 513. This Court, though, has never had before it the precise question as to whether or not such an estate may be created in a deposit in a bank, as was done in the case now before us.

It is the contention of the appellees that these cases are not applicable because they dealt with the consideration of choses in action such as bills, notes, certificates and etc., which were made payable jointly to a husband and wife and which required the joint signatures of the payees for the purpose of sale, transfer or collection. We are satisfied under the authority of the cases last above cited that a tenancy by the entirety may be created by a joint deposit "where an intention to effect joint ownership" of such a deposit appears or may be inferred from the circumstances.

This Court in *State ex rel.* v. *Progressive Building & Loan Ass'n,* [174 Tenn. 597, 129 S. W. (2d) 514], supra, made the following comment which is pertinent here: "The joint deposit was made in the name of J. R. Bailey or wife, Etta Bailey. There are many cases holding that in such case 'or' shall be read 'and', and upon that the theory of an estate by the entirety established. But many of the cases hold that the use of 'and' instead of 'or' is not essential where an intention to effect joint ownership of a chose in action otherwise appears or may be inferred from the circumstances." Following this statement this Court cited the case of *In re Parry's Estate,* 188 Pa. 33, 41 A. 448, 49 L. R. A. 444, 68 Am. St. Rep. 847, as authority for that statement and relied upon the holding of the Pennsylvania Court in support thereof.

After the Chancellor had decided the lawsuit, as above indicated, counsel for the appellant filed a petition to

rehear and along with this petition he filed certain affidavits including that of the President of the First National Bank of South Pittsburg, Tennessee, in which bank this deposit was. Counsel for the appellees likewise filed his own affidavit and that of the President of the same bank. The appellees took the position that this information, obtained in these affidavits, had been received by counsel for the appellants prior to the time that the cause was heard and that it was therefore too late, in other words, it was not in effect newly discovered evidence and was something that he knew prior to the time of the hearing and, therefore, the affidavits should not be considered. The affidavit of the bank president as filed by the appellant among other things says "that it was expressly agreed between Mr. & Mrs. Joe Tatum and the bank that either one of them could check out said account upon the death of either, the survivor would become absolute owner of said funds". The affidavit of the same man offered on behalf of the appellee opposing said petition to rehear said: "that the same should be opened in the name of 'Joe Tatum or wife', with the right of either of the parties to draw checks upon the account and with the right of survivorship in the entirety of said account on the part of the surviving spouse."

Apparently the Chancellor took the position that these affidavits did not affect the merits of the cause because he denied the petition to rehear. From the decree and opinion it is apparent to us that the Chancellor concluded that the law of Alabama, in reference to this estate, governed regardless of the account or the way that it was made. It was probably for this reason that he denied the petition to rehear. We think that these affidavits should have been considered by the Chancellor because

considering them is the only way that the court could get a full picture of the intention of the parties. These affidavits clearly show an intention to effect a joint ownership of this account so that the rule of tenancy by the entirety would apply.

The Supreme Court of Pennsylvania in *Madden* v. *Gosztonyi Sav. & Trust Co.*, 331 Pa. 476, 200 A. 624, 630, 117 A. L. R. 904, has held that bank deposits payable to the husband and wife, or to the husband or wife, are held by them as tenants by the entireties, with all the incidents thereof. Unity of control in the case of deposits payable to either is found in the implication of authority in one to act for both. That Court, among other things, said: "When, on the other hand, an account is made payable in its creation to either 'husband or wife', there is an immediate expression of authority, of agency to act for both. As an incident of these estates by entireties is the power that each gives the other, at the time of the estate's creation, to act for the other." That court then goes on and cites a number of other cases and quotes therefrom to support this statement and concludes as follows: "Where a deposit is made payable to either spouse, agency or authority exists by implication, and the husband or the wife may, from that authority, withdraw the entire account, but the money thus withdrawn is impressed with the entirety provision that it is the property of both, and any one dealing with such specific property as severalty, knowing it belongs to both, must submit to the consequences."

There are respectable authorities to the contrary, such as *Marble* v. *Treasurer & Receiver General*, 245 Mass. 504, 139 N. E. 442, which holds a deposit made to the husband or wife is repugnant to the essential character-

istic of a tenancy by the entireties. This case is a tax case to collect inheritance taxes on this property. The court did hold though that the wife got the whole property by reason of the account "husband or wife" but that she was liable for the tax thereon and that it did not pass as an estate by the entirety. The Michigan court in *Murphy* v. *Michigan Trust Co.*, 221 Mich. 243, 190 N. W. 698, held likewise. A number of these cases pro and con will be found annotated in 117 A. L. R. beginning at page 915.

We have considered these cases pro and con and agree with the reasoning of the Pennsylvania case above quoted from, in view of the particular facts of the instant case and the statement of the bank president who took and entered this deposit for the parties.

We think that it can hardly be doubted that if Mr. & Mrs. Tatum had acquired real estate in Tennessee in 1934 (they then being residents here) at the time this deposit was made, (conveyed to them jointly) that there would be no question but that upon the death of one the survivor would take the entire real estate even though the parties were residents of Alabama, or any other State, at the time that the one or both died. This rule of entireties in this State is a rule of property. We think, in view of past decisions heretofore referred to, that by those decisions the tenancy by the entirety has now become a rule of property both as to real property and personal property. This Court as long ago as the case of *Ames* v. *Norman*, 36 Tenn. 683, 4 Sneed 683, 70 Am. Dec. 269, held that tenancy by the entirety might exist in any chattel interest. Clearly this would include a bank deposit if the facts and circumstances brought it within a tenancy by the entirety as we think the facts and circumstances do in the instant case.

■ Of course if this property was held by Mr. Tatum and wife as tenants by the entirety then the laws of descent and distribution would not apply because the property passed to the survivor upon the death of the first. In the instant case Mrs. Tatum died several months before Mr. Tatum and therefore any interest that she had in property in this State held by them as tenants by the entirety would pass to him.

■ The next question that obviously arises is what law governs, the law of the State of the residence of the Tatums at the time of the death of either or the place where the property is and in which the contract was made with the bank. It is a familiar rule that the construction and validity of a contract are governed by the law of the place where the contract is made. *Smith* v. *Van Noy Interstate Co.*, 150 Tenn. 25, 262 S. W. 1048, 35 A. L. R. 1409; *Snyder* v. *Yates*, 112 Tenn. 309, 79 S. W. 796, 64 L. R. A. 353, 105 Am. St. Rep. 941; *Robinson* v. *Queen*, 87 Tenn. 445, 11 S. W. 38, 3 L. R. A. 214, 10 Am. St. Rep. 690, and many others that might be cited. The Court of Appeals in *Moak* v. *Continental Casualty Co.*, 4 Tenn. App. 287, expressed it thus: "The lex loci contractus becomes as much a part of the contract as if specifically incorporated therein, and in the absence of evidence of contrary intention, the parties must be held to have contemplated the application of the law to the terms of their agreement."

■ There is absolutely nothing herein to indicate that these parties ever contemplated anything but the agreement that they made at the time this deposit was made. The ledger sheet is attached as an exhibit to the answer and it shows numerous withdrawals since that time; there are statements in the affidavits attached that some of

these withdrawals were made by both or either party and there are also other statements that about $500 of money was drawn by Mr. Tatum after Mrs. Tatum's death. There was never any effort to withdraw this money and take it to Alabama or to change the relationship of the contract made and the intention of these parties.

Under the facts and circumstances of this case we must disagree with the learned Chancellor and reverse and remand the case for the purpose of fixing the fee of counsel and other things consistent with this opinion.

All concur.