Anne GRIFFIN, Plaintiff-Appellee,

v.

Harold PRINCE, Defendant-Appellant.

NASHVILLE CITY BANK & TRUST
COMPANY, Interpleader and Third-
Party Plaintiff-Appellee,

v.

Betty Jane PRINCE a/k/a Mrs. Harold
E. Prince, Third-Party
Defendant-Appellant.

Supreme Court of Tennessee.

May 3, 1982.

Harold Prince and Betty Jane Prince, Joseph L. Lackey, Nashville, for defendant-appellant.

Edward L. Hiland, Nashville, for plaintiff-appellee.

J. Thomas Trent, Jr., Nashville, for interpleader and third-party plaintiff-appellee.

## OPINION

HARBISON, Chief Justice.

In this case an individual creditor of a husband, Harold Prince, has attempted to garnish deposits of Mr. Prince and his wife, Betty Jane Prince, in a joint checking account and a joint savings account. The trial court held that the entire proceeds of both accounts were subject to the garnishment. The Court of Appeals held that presumptively only one-half of the amount in each account was subject to the debts of the husband, but remanded to allow the creditor or the wife of the debtor an opportunity to overcome the presumption.

In our opinion the garnishment should be dismissed.

Both the trial court and the Court of Appeals held that the accounts were not owned by the husband and wife as tenants by the entirety. Under governing Tennessee cases, we conclude that they were. There is no contention by the creditor that the garnishment would reach the accounts if they were so owned. It is the insistence of both the creditor and the interpleading bank that these accounts were not so held but that they were held under a contractual arrangement with the bank which created only a joint tenancy with right of survivorship, subject to the individual debts of either spouse.

There was no evidentiary hearing in the trial court. Mrs. Griffin had previously obtained a judgment against Mr. Prince. Upon return of an execution unsatisfied, she caused garnishments to issue to several banks. Nashville City Bank & Trust Company responded to the garnishment indicating that it held a small savings and a small checking account belonging to the debtor. It did not indicate in its initial answer that these were joint accounts. When the debtor filed a motion to require the garnishee to restore the funds to the accounts, the bank was permitted to interplead. It has, however, actively taken a position in support of the rule adopted by the Court of Appeals that all joint accounts are presumed to be held equally by the depositors in the absence of proof to the contrary.

Since the case was disposed of upon motions for summary judgment based upon pleadings and exhibits, there is no information in the record concerning the depositors, other than that they were married, or concerning the accounts, except the signature cards which were exhibited to the pleading of the bank. The savings account, held in the name of "Harold E. Prince or Betty Jane Prince" is designated on the face of the signature card as "Joint" and, in small print to the right thereof, are the words "With Right of Survivorship."

This card bears the signatures of both depositors on its face, and in the lower margin of the front side is the statement that the depositors agree to rules and regulations printed on the reverse side.

These rules and regulations, under the general heading of "Savings Contract" pertain principally to the relationship between the depositors and the bank, stating that the account is held subject to state laws and to all applicable rules and regulations of the banking institution and of the Federal Deposit Insurance Corporation. The bank was given a security interest in the account and a right of setoff to secure any obligations of the depositors to it. The card then contains the following provision (which is also consistent with the state's bank protection statute, T.C.A. § 45-2-703, referred to later in this opinion):

"Any savings account opened in the names of two (2) individuals shall be a joint survivorship account. As such, it shall be payable to either, or to the survivor and payments to either shall be full acquittance to the Bank whether the other is living, incompetent, or dead. Each party authorizes the other to endorse checks payable to the other and presented for deposit or for payment, and each party authorizes Bank to exercise its right of set off against the balance in the account for the debts or liabilities of either, or both parties."

On the face of this card there is typed the date "10 05 78," and there is stamped beneath the signatures of Mr. and Mrs. Prince the date of October 4, 1978.

The signature card for the checking account bears a stamped date of September 22, 1972, and the handwritten date of September 1, 1972, more than six years prior to the date of the savings account. This account is styled "Mr. or Mrs. Harold E. Prince." The card bears the printed designation "JOINT SURVIVORSHIP AGREEMENT," and beneath this caption is the following language:

"This account shall be in the name of and subject to the check of either of the undersigned, and in the case of death of one, shall be subject to the check and control of the survivor.

"Each of the undersigned authorizes the other to endorse any check, draft, note or other instrument payable to the order of either or both for deposit or for payment and authorizes the bank to charge to this account any indebtedness of either of the undersigned to the bank."

On the reverse side are printed rules and regulations governing the account, but these deal with the relationship between the depositors and the bank and do not give any further information concerning the nature of the account created.

There is no other evidence in the record concerning the depositors or the accounts, except that the total balance in both accounts was $580.32 when the garnishment was served in May, 1980. No witnesses testified nor were there any affidavits filed.

Upon this brief record, both the trial court and the Court of Appeals held that the two accounts were not owned by the spouses as tenants by the entirety. It is insisted by the creditor and by the bank that that estate was not and could not have been created by these signature cards for several reasons:

1. The word "or" was used on both accounts between the names of the spouses rather than the word "and";

2. The signature cards designate both accounts as joint with a right of survivorship and do not contain the words "tenants by the entirety";

3. Each account was subject to complete withdrawal upon the check or order of either of the depositors, and their joint signatures were not required.

It is conceded by counsel for the creditor in his brief in this Court that it is difficult to determine the nature of the account "because the bank accounts have many features of a tenancy by the entirety."

We are of the opinion that an examination of the Tennessee cases on this subject makes it clear that legally the accounts must be deemed to be held in that form of ownership, in the absence of any proof to the contrary. The contentions asserted by both the creditor and the bank have been thoroughly considered and rejected by this Court on numerous occasions over a period of many years.

Tenancy by the entirety is, of course, a form of property ownership unique to married persons. The term "joint" bank account may refer to many different types of relationships between depositors. It is nothing more than a generic term. There may be a "joint account" owned by business partners, joint adverturers, or any two or more individuals or corporations who wish to deposit their funds in such a manner, whether they have any other relationship or not. Only a husband and wife, however, may own property as tenants by the entirety. Marriage is a unique status in the law, having rights, incidents and liabilities unlike any other.

The ability of married people to own property in the special form known as tenancy by the entirety is ancient in its origin but firmly settled in the jurisprudence of this state. It has been referred to by the Supreme Court of the United States as an "amiable fiction of the common law." *Tyler v. United States*, 281 U.S. 497, 503, 50 S.Ct. 356, 359, 74 L.Ed. 991 (1930).

For many purposes, including taxation, it is frequently convenient to consider that the spouses each own fifty percent of property held by the entirety, but this is not the legal theory of such ownership. *Pierce v. Woods*, 597 S.W.2d 295 (Tenn.1980); *Barry v. Woods*, 594 S.W.2d 687, 690 (Tenn.1980).

■ It is well settled in this state that personal property as well as realty may be owned by spouses by the entirety. *Campbell v. Campbell*, 167 Tenn. 77, 66 S.W.2d 990 (1934); *Smith v. Haire*, 133 Tenn. 343, 181 S.W. 161 (1915).

■ Under modern law, as distinguished from the common law prior to the enactment of the statutes emancipating married women,[1] neither tenant by the entirety is dominant over the other. Certain common-law rules giving the husband control of marital property during the joint lives of the spouses have been abrogated. *Robinson v. Trousdale County*, 516 S.W.2d 626 (Tenn. 1974).

Although this form of property ownership was at first held by this Court to have been abolished by the emancipation statutes, it was expressly reinstated in 1919 Tenn.Pub.Acts, ch. 126, now T.C.A. § 36–602, providing that nothing in those statutes "shall be construed as abolishing tenancies by the entirety." *See Campbell v. Campbell, supra; Alfred v. Bankers' & Shippers' Insurance Co.*, 167 Tenn. 278, 68 S.W.2d 941 (1934).

■ It is, of course, legally permissible for a husband and wife to own either real or personal property in any manner they choose, such as tenants in common, individually, in partnership, as life tenant and

remainderman, or any other. *See generally First American National Bank v. Evans*, 220 Tenn. 393, 398, 417 S.W.2d 778, 780–81 (1967); *Preston v. Smith*, 41 Tenn.App. 222, 293 S.W.2d 51 (1956).

The creditor and the bank in the present case insist that the language of the signature cards above referred to expresses an intent not to create a tenancy by the entirety but to create instead a joint tenancy with right of survivorship. They rely particularly upon the recent decision of this Court in *Lowry v. Lowry*, 541 S.W.2d 128 (Tenn.1976). In that case the Court did indeed give effect to the language of the contract between the depositors and the bank, but that case is not applicable here for several reasons. In the first place it did not involve spouses, so that tenancy by the entirety could not have been created. Secondly, one of the signature cards expressly stated that it created a joint tenancy with right of survivorship and that the parties did not hold as tenants by the entirety. There is no such disclaimer on either of the signature cards involved in the present case.

■ It is well settled in this state that the words of a conveyance or legal instrument which would make two other persons joint tenants under the common law, or tenants in common under T.C.A. § 64–107, will create tenancy by the entirety in a husband and wife. *See First American National Bank v. Evans, supra,* and cases cited therein; *see also Bennett v. Hutchens*, 133 Tenn. 65, 179 S.W. 629 (1915).

This Court has permitted the use of extrinsic evidence to establish the type of ownership intended by the parties, and has gone very far in finding that spouses owned real or personal property as tenants by the entirety, despite the fact that a title document indicated otherwise. *See Oliphant v. McAmis*, 197 Tenn. 367, 273 S.W.2d 151 (1954) (registered cattle, a bank account and a vehicle all recorded solely in the name of the husband shown to have been owned by the entirety).

[1]. T.C.A. §§ 36–601 to 605.

■ There is abundant authority in this state that the use of the word "or" between the names of spouses on a bank account or negotiable instrument does not preclude their ownership of the asset by the entirety and that joint property of spouses will be deemed to be so held in the absence of proof to the contrary. Probably the leading case is *Sloan v. Jones*, 192 Tenn. 400, 241 S.W.2d 506 (1951); *see also State ex rel. v. Progressive Building & Loan Ass'n.*, 174 Tenn. 597, 129 S.W.2d 513 (1939); *Smith v. Haire*, 133 Tenn. 343, 181 S.W. 161 (1915); *White v. Watson*, 571 S.W.2d 493 (Tenn.App.1978).

In *Sloan v. Jones, supra*, where an account was payable to a husband or wife, it was insisted that no tenancy by the entirety was created because there was no requirement of joint signatures of both depositors upon the checks. This contention was rejected,[2] nor has it been deemed determinative in any of the other Tennessee cases dealing with bank deposits. In *Sloan v. Jones*, this Court said:

"The Supreme Court of Pennsylvania in *Madden v. Gosztonyi Sav. & Trust Co.*, 331 Pa. 476, 200 A. 624, 630, 117 A.L.R. 904, has held that bank deposits payable to the husband and wife, or to the husband or wife, are held by them as tenants by the entireties, with all the incidents thereof. Unity of control in the case of deposits payable to either is found in the implication of authority in one to act for both. That Court, among other things, said: 'When, on the other hand, an account is made payable in its creation to either "husband or wife", there is an immediate expression of authority, of agency to act for both. As an incident of these estates by entireties is the power that each gives the other, at the time of the estate's creation, *to act for the other.*' That court then goes on and cites a number of other cases and quotes therefrom to support this statement and concludes as follows: 'Where a deposit is made payable to either spouse, agency or authority exists by implication, and the husband or

the wife may, from that authority, withdraw the entire account, but the money thus withdrawn is impressed with the entirety provision that it is the property of both, and any one dealing with such specific property as severalty, knowing it belongs to both, must submit to the consequences.'" 192 Tenn. at 405, 241 S.W.2d 506.

The Court rejected contrary decisions to the effect that individual checking authority is inconsistent with an estate by the entirety.

This decision was rendered more than thirty years ago. It has not been disturbed in the interim and is firmly imbedded as a part of the property law of this state. As stated therein:

"This rule of entireties in this State is a rule of property. We think, in view of past decisions heretofore referred to, that by those decisions the tenancy by the entirety has now become a rule of property both as to real property and personal property. This Court as long ago as the case of *Ames v. Norman*, 36 Tenn. 683, 4 Sneed 683, 70 Am.Dec. 269, held that tenancy by the entirety might exist in any chattel interest. Clearly this would include a bank deposit if the facts and circumstances brought it within a tenancy by the entirety as we think the facts and circumstances do in the instant case." 192 Tenn. at 406.

■ Under the authorities discussed above, the fact that the account cards did not use the words "tenants by the entirety" or that they used the word "joint" does not prevent ownership by the entirety if in fact the depositors were married when the accounts were created, and if their marriage had not terminated at the time of the garnishment, both of which facts are admitted by the motions for summary judgment. There is no evidence that any other type or form of ownership was contemplated in this case either by the bank or by the spouses

---

**2.** This holding seems to be in accord with the majority of decisions on the point. *See* Annot., 64 A.L.R.2d 8, 85–86 (1959).

whose accounts were opened in the manner described above. There is no showing that different types of "signature cards" are furnished by the bank if a husband and wife wish to establish a tenancy by the entirety as distinguished from a "Joint Survivorship" account, or that the bank ever makes any distinction between spouses and other joint depositors.

As to the insistence of the bank and of the creditor that the accounts were subject to individual checks or withdrawal by one spouse rather than requiring both signatures, we call attention to the banking statute on the subject, T.C.A. § 45–2–703(a):

"When a deposit has been made or shall hereafter be made, in any bank in the names of two (2) or more persons, payable to either, or survivor, such deposit, or any part thereof, or any interest or dividend thereon may be paid to either of said persons, whether the others be living or not; and the receipt or acquittance of such person so paid shall be a valid and sufficient release and discharge to the bank for any payment so made."

Subsection (b) of the same section relieves a bank paying a survivor from any death or succession taxes on the account.[3]

This statute was part of a major revision of the state's commercial banking laws enacted at the instance of the banking industry, 1969 Tenn.Pub.Acts, ch. 36. Nothing in the statutes or their history indicates any legislative intent to abolish tenancy by the entirety in bank deposits held by spouses or to convert such accounts into some other form of ownership merely because they are payable to either or subject to individual checking or withdrawal. The statutes just quoted were designed to protect the paying bank,[4] not to change a basic and fundamental form of property ownership in bank deposits. The statutes do not distinguish between spouses and other types of joint depositors, but the substantive law of domestic relations has long done so.

It may be, as suggested by the Court of Appeals, that this is a subject where further legislation might be desirable. Tenancy by the entirety, however, both in real and personal assets, is one of the most popular forms of ownership in this and in several other states. Admittedly one of the incidents thereof is substantial immunity of marital assets from individual creditors of a spouse[5] (subject to the laws against fraudulent conveyancing, not here involved). There is no problem in subjecting such assets to the joint obligations of both spouses. *See e.g., United States v. Ragsdale,* 206 F.Supp. 613 (W.D.Tenn.1962) (joint note subject to joint tax liability of spouses, but only partially subject to separate individual tax liability of husband). There are numerous cases dealing with the rights of creditors and the attachment of a right of survivorship. *See generally Sloan v. Sloan,* 182 Tenn. 162, 184 S.W.2d 391 (1945); *Newson v. Shackleford,* 163 Tenn. 358, 43 S.W.2d 384 (1931); *Cole Manufacturing Co. v. Collier,* 95 Tenn. 115, 31 S.W. 1000 (1895); *see also Weaks v. Gress,* 225 Tenn. 593, 474 S.W.2d 424 (1971); *Citizens & Southern National Bank v. Auer,* 640 F.2d 837 (6th Cir. 1981). As stated previously, however, the creditor has not contended that the garnishment in the present case reached any interest of value of the husband if these accounts were owned by the entirety, as we have concluded. She has predicated her claim entirely upon the premise that the accounts were not so held.

The bank has asked this Court to approve its interpleader in the present case. Both courts below did so, and no question has been made with respect thereto by any of the other parties. The bank has also stated that banking institutions generally have great problems in identifying the nature and ownership of joint accounts, and have asked this Court to lay down broad rules governing the garnishment of joint accounts. In the total absence of an evi-

---

3. Similar legislation governs joint accounts in savings and loan institutions, T.C.A. § 45–3–508.

4. *See* 7 Mem.St.L.Rev. 332 (1977).

5. *See* Annot. 11 A.L.R.3d 1465, 1472 (1967); 41 Am.Jur.2d, *Husband and wife* § 74 (1968).

**538**

dentiary record, however, showing the existence or the nature of such problems, and in view of the fact that these accounts were accounts of married persons, and not joint accounts generally, we must limit our decision to the issues before us.

The judgments of the courts below are reversed and the cause is remanded to the trial court with directions to dismiss the garnishment and to release the funds to the order of the depositors. All costs in the cause, including those on appeal, will be taxed to the creditor, Mrs. Anne Griffin.

FONES, COOPER, BROCK and DROWOTA, JJ., concur.