# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
On Briefs May 24, 2001

## CITIZEN'S TRI-COUNTY BANK v. FRANK HARTMAN, ET AL.

**A Direct Appeal from the Chancery Court for Sequatchie County**
**No. 1788     The Honorable Jeffrey F. Stewart, Chancellor**

---

### No. M2000-03087-COA-R3-CV - Filed July 11, 2001

---

After a dispute arose between the widow and executor of husband's estate concerning ownership of two bank accounts, the bank filed a declaratory judgment action to determine ownership. The trial court determined that the checking account was owned by the widow, and the savings account was part of the decedent's estate. Both parties appealed. We reverse in part and affirm in part, declaring that both accounts are part of the husband's estate.

**Tenn.R.App.P. 3; Appeal as of Right; Judgment of the Chancery Court Reversed in Part, Affirmed in Part and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Lynne D. Swafford, Pikeville, For Appellants, Ina R. Hartman and Mary Francis Hixson

Stephen T. Greer, Russell Anne Swafford, Dunlap, For Appellee, Frank Hartman, Executor of the Estate of J. E. Hartman

M. Keith Davis, Dunlap, For Appellee, Citizens Tri-County Bank

### OPINION

On June 14, 1999, Citizens Tri-County Bank ( "Tri-County") filed a Complaint For Declaratory Judgment in the Chancery Court of Sequatchie County against Ina Ruth Hartman, her daughter Mary Frances Hixson and Frank Hartman, as executor of the estate of J.E. Hartman. The complaint avers that the bank has an account that was originally in the name of Mr. and/or Mrs. J. E. Hartman.[1] The complaint states that J. E. Hartman died December 13, 1997, survived by his widow Ina R. Hartman and leaving a will appointing Frank Hartman executor of his estate. The

---

[1] The account referred to is a savings account, and the complaint was subsequently amended to include a checking account.

complaint in essence alleges that there is a dispute between the executor and the widow concerning the ownership of the account, and before plaintiff became aware of the dispute, the widow had changed the name of the account to her name with the right of survivorship in her daughter, defendant Hixson. The complaint seeks a declaration as to the ownership of the account and the subsequently added account. Before trial, the parties filed a stipulation of facts which states:

1. J. E. Hartman (Decedent) died on December 13, 1997, and left a Will which was duly probated in this Court, which Will appointed Frank Hartman as Executor of the Decedent's estate. At the date of the death of the Decedent, he was survived by his spouse, Ina R. Hartman, a defendant herein, as well as other beneficiaries named in the Will. The Decedent had no children.

2. At the date of death of the Decedent, there existed two bank accounts at Citizens Tri-County Bank in Dunlap, Tennessee, one being savings account number 12110369 which had a balance of $39,419.17 as of December 31, 1997 and the other being checking account number 2000008 which had a balance of $5,071.61 as of December 31, 1997. Both of these two accounts were listed in the name of "Mr. or Mrs. J. E. Hartman."

3. The checking account was originally opened on October 2, 1972, in the name of "Mr. or Mrs. J. E. Hartman" and the signature card contained the signatures of "Mr. J. E. Hartman" and "Mrs. J. E. Hartman." The social security number on this account when it was first opened was [Redacted]. The only other change in the signature card on this account prior to the date of death of the Decedent was an updated signature card that was prepared on July 31, 1981, which continues to show the account in the name of "Mr. or Mrs. J. E. Hartman" but was signed only by J. E. Hartman.

4. The savings account described above was originally opened on April 11, 1977, in the names of "Mr. or Mrs. J. E. Hartman" but contained only the signature of J. E. Hartman. That original card had as the social security number [Redacted]. That number was subsequently marked through, and a new number, [Redacted], was inserted on the card, but the date of the change in the number is unknown. The only change in the signature card on the savings account prior to the date of the Decedent was on June 22, 1982, when a new signature card was prepared and signed, which continued to remain in the names of "Mr. or Mrs. J. E. Hartman" but was signed only by J. E. Hartman.

5. The Decedent was first married to Mildred Hartman for many years, but she died on November 18, 1981. The Decedent later married one of the defendants in this case, Ina Ruth Hartman, in May of 1983, and he remained married to her until his death on December 13, 1997. The social security number of the Decedent is [Redacted], while the social security number of the Decedent's first wife, Mildred Hartman, is [Redacted]. The social security number of the Defendant, Ina Ruth Hartman, is [Redacted].

6. From the time of the marriage of the Decedent to his last wife, Ina Ruth Hartman, in May of 1983 up to the date of death of the Decedent, Ina Ruth Hartman made no deposits of money into either the checking account or savings account of the Decedent above described. Prior to Decedent's death Ina Ruth Hartman signed no signature cards on either of these accounts.

7. An examination of bank records at Citizens Tri-County Bank by the bookkeeping department of that bank on both of these accounts had revealed no checks or other documents bearing the handwriting and/or signature of Ina Ruth Harman. However, Ina Ruth Hartman maintains and states that she wrote and signed one or two checks in small amounts on the above described checking account shortly after her marriage to the Decedent in 1983. The estate cannot admit or deny this assertion, since all of the canceled checks in that account have not been made available and may not be able to be made available.

8. Other than the testimony of Ina Ruth Hartman that she wrote and signed two checks for small amounts on the above described checking account shortly after her marriage to the Decedent, Ina Ruth Hartman had no further activity on either one of these accounts.

9. After the date of death of the Decedent on December 13, 1997, the Executor, Frank Hartman, withdrew $10,000.00 from the above described savings account which he then deposited into the estate account for the purpose of paying estate expenses. The Defendant, Ina Ruth Hartman, also wrote and signed two small checks on the above described checking account after the date of death of the Decedent.

10. As of December 31, 1999, the savings account #12110369 balance was $31,150.00 while the balance in the checking account #2000008 was $4,907.60.

11.    The savings account no.12110369 had a balance of One Thousand Three Hundred Three Dollars and three cents ($1,303.03) as of March 29, 1985 which is the earliest statement provided by the bookkeeping department of Citizens Tri County Bank.

12.    All funds in the checking account no. 2000008 were deposited by the decedent during his marriage to Ina Ruth Hartman.

13.    All bank statements and checks, including checks recorded by Mr. Hartman, from May 1983 through December 1997 indicate the accounts (checking and savings) were in the name of "Mr. or Mrs. J. E. Hartman."

Basically, the material facts are included in the stipulation, and the only live witness at trial was Ina Ruth Hartman. She testified that the funds deposited in both the savings and the checking accounts were derived from Mr. Hartman's barber shop, the farm and his social security. Mrs. Hartman stated that she was aware that Mr. Hartman owned some CDs solely in his name that had been funded with money that he acquired before they were married in part from the sale of a small farm. Mrs. Hartman testified that after her marriage to Mr. Hartman, she maintained a checking account and a savings account in her own name. Mrs. Hartman claims to have written two checks out of checking account number 2000008 in the early years of her marriage to Mr. Hartman, however she never made any deposits into that account, nor did she make any deposits into savings account number 12110369, and did not make any withdrawals from that account.

At the conclusion of the trial, the trial court recited findings from the bench. Regarding the checking account, the trial court found that the account was opened in 1972 in the name of Mr. or Mrs. J.E. Hartman, and at that time "Mrs. Hartman" referred to Mr. Hartman's first wife, Mildred Hartman. Both Mr. and Mrs. Hartman signed the signature cards. A new signature card was signed by Mr. Hartman only prior to the death of Mildred Hartman, but the name on the account remained the same. After Mildred Hartman's death, Mr. Hartman continued to operate the checking account and so continued using the account after his marriage to wife, Ina Hartman. He used the account for the benefit of himself and for his second wife, Ina Hartman, paying the family bills from that account. The trial court further found that the signature cards on the checking account executed originally, and when it was updated during the life of Mildred Hartman, referred to the account as being joint with right of survivorship, indicating an intention that there be a right of survivorship. Upon finding an intent that the checking account be held jointly with a right of survivorship, the trial court determined that proceeds from the checking account passed to Mrs. Ina Hartman at Mr. Hartman's death.

With regard to the savings account, the trial court found that the proof was not identical to the proof on the checking account. The trial court found that the savings account was not used to pay bills and to take care of the family, but rather, was a separate account. Mr. Hartman deposited money into the savings account during his marriage to Ina Hartman, however at no time did the bank

-4-

provide a card indicating that there was ever a right of survivorship on the savings account. The trial court found that there was no clear intent given in writing or verbally to create a right of survivorship in the savings account.

The trial court's decree, entered April 28, 2000, incorporated the trial court's findings and provided in pertinent part:

> IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED as follows:
>
> 1. That the checking account, being account number 2000008 at Citizens Tri-County Bank in the name of Mr. or Mrs. J. E. Hartman with a balance of $5, 071.61 as of December 31, 1997, was an account held as tenants of the entirety by the decedent and the Defendant, Ina Ruth Hartman, and therefore, all proceeds in that account are the sole and separate property of the Defendant, Ina Ruth Hartman;
>
> 2. That the savings account, begin account number 12110369 at Citizens Tri-County Bank in the name of Mr. or Mrs. J. E. Hartman was an account owned solely by the Decedent, J. E. Hartman, at the date of his death, which account had a balance of $39,419.17 as of December 31, 1997, and therefore, all funds in that account are the sole and separate property of the Estate of J. E. Hartman;
>
> 3. That in addition to the disposition of the principal balances described above, the Estate of J. E. Hartman is entitled to all interest accrued on the savings account from the date of death of J. E. Hartman on December 13, 1997, up until the funds are paid to the Estate, less any previous withdrawals made by the Estate, and the Defendant, Ina Ruth Hartman, is entitled to any interest that has accrued on the checking account from the date of death of the decedent up until the funds are paid to her, less any funds used or expended by her out of said account;
>
> 4. That the Plaintiff, Citizens Tri-County Bank, be and it is hereby authorized to disburse the remaining funds in these accounts in accordance with the terms of this decree;
>
> 5. That the costs of this cause be and the same is hereby taxed to the Estate of J. E. Hartman.

Mrs. Hartman appeals and presents one issue for review as stated in her brief: "Whether the evidence in this case establishes a Tenancy by the Entireties with the Right of Survivorship for the second Mrs. J.E. Hartman in the disputed savings account when the account was owned in the name of 'Mr. or Mrs. J.E. Hartman' at the death of Mr. J.E. Hartman." Frank Hartman, executor of the estate of J.E. Hartman, presents a second issue, as stated in his brief: "Whether the trial court erred in holding that it was the intention of the Testator, Mr. J.E. Hartman, deceased, that his checking account established during his first marriage should pass under tenancy by the entireties to his second wife, the present Mrs. Hartman, at the time of his death."

Since this case was tried by the trial court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. T.R.A.P. 13(d).

Mrs. Hartman contends that both the checking account and the savings account were owned by J. E. Hartman and herself as tenants by the entireties with the right of survivorship, as evidenced by the name on both accounts: "Mr. or Mrs. J. E. Hartman." She asserts that during her fourteen year marriage to Mr. Hartman, he made deposits in both accounts in the name of Mr. or Mrs. J.E. Hartman and received bank statements on both accounts showing that they were in the name of "Mr. or Mrs. J.E. Hartman." Mrs. Hartman contends that it is inconceivable that a man of Mr. Hartman's intelligence would not have known that the language "Mrs. J.E. Hartman" would include her in the ownership of the accounts, inferring that he would have changed the name on the accounts had his intent been other than her joint ownership in them.

Frank Hartman, as executor of the estate of J. E. Hartman, asserts that both the checking account and the savings account passed to the estate at the death of J.E. Hartman. The executor contends that after the death of Mildred Hartman, Mr. Hartman simply left his accounts in the same name, however did not intend to create a survivorship interest for any future Mrs. Hartman. The executor further asserts that neither the 1977 nor the 1982 signature cards for the savings account have any designation showing the account to be joint with a right of survivorship, although both cards have a specific location to designate the account as such.

In determining the proprietary interests in certificates of deposit and a joint bank account our Supreme Court in *Grahl v. Davis,* 971 S.W. 2d 373 (Tenn. 1998) stated:

> [W]e begin with the well-settled proposition that tenancy by the entirety is a form of property ownership which is unique to married persons. *Griffin v. Prince,* 632 S.W.2d 532, 534 (Tenn.1982). The essential characteristic of a tenancy by the entirety is that "each spouse is seized of the whole or the entirety and not of a share, moiety, or divisible part." *Sloan v. Jones,* 192 Tenn. 400, 241 S.W.2d 506, 507 (1951). Upon the death of one spouse, ownership of tenancy by the entirety property immediately vests in the survivor, and the laws of descent and distribution do not apply. *Id*. 241 S.W.2d

-6-

at 509.  It is well-settled in this state that personal property as well as realty may be owned by spouses by the entirety.  *Griffin*, 632 S.W.2d at 535.  It has also been expressly held that a tenancy by the entirety with the right of survivorship may exist in certificates of deposit and bank accounts.  *White v. Watson*, 571 S.W.2d 493, 495 (Tenn.App.1978);  *Smith v. Haire,* 133 Tenn. 343, 181 S.W. 161 (1915) (certificates of deposit);  *Sloan,* supra, and *Griffin,* supra, (bank accounts).  In fact, there is clear authority in this state that a bank account or negotiable instrument in the name of "husband or wife" will be deemed to create a tenancy by the entirety with right of survivorship, in the absence of proof to the contrary.

*Griffin,* 632 S.W.2d at 536.  In a tenancy by the entirety, each party owns the whole, and on the death of either party, the survivor takes no new title or estate as the survivor is in possession of the whole from its inception.  *Hull v. Johnson,* No. W1999-02011-COA-R3-CV, 1999 WL 1336086 at * 4 (Tenn. Ct. App. Dec. 15, 1999) (citing *Catt v. Catt,* 866 S.W.2d 570 (Tenn. Ct. App. 1993) *and  Moore v. Cole,* 200 Tenn. 43, 289 S.W.2d 695 (1956)).   Furthermore, the law presumes that when a husband and wife create a joint bank account, they have created a tenancy by the entireties with the right of survivorship. *Grahl v. Davis,* 971 S.W.2d at 378; *Edwards v. Edward,* 713 S.W.2d 642, 647 (Tenn. 1986); *Griffin v. Prince,* 632 S.W.2d at 536-37; *and Sloan v. Jones,* 241 S.W.2d at 508-09.

Tennessee courts have long held in will construction cases to determine intent of the testator, a will must be considered in reference to the circumstances which existed at the time of its execution. *Nashville Trust Co. v. Grimes,* 179 Tenn. 567, 167 S.W.2d 994, 996, (Tenn. 1943).  Likewise, intent in the form of ownership of a bank account, circumstances existing at the time of its establishment, shall control.  Our Supreme Court indicated as much in *Lowry v. Lowry*, 541 S.W.2d 128 (Tenn. 1976), stating:

> Absent clear and convincing evidence of contrary intent expressed at the time of its execution, we hold that a bank signature card containing an agreement in clear and unambiguous language that a joint account with rights of survivorship is intended, creates a joint tenancy enforceable according to its terms; and upon the death of one of the joint tenants, the proceeds pass to the survivor.

*Id.* at 132.

In *Lambert v. S & L Plumbing,* 935 S.W. 2d 411 (Tenn. Ct. App. 1996) the Middle Section of this Court, in holding that the widow of the sole stockholder in an incorporated plumbing company did not own the company as a surviving tenant by the entirety given the absence of evidence that the widow and her husband intended to hold the shares jointly, stated:

> Creation of an estate by the entireties is a question of intent; it may be inferred from the circumstances, "but should rest upon convincing evidence and never upon conjecture." ***Oliphant v. McAmis***, 197 Tenn. 367 at 373, 273 S.W.2d 151 at 154 (1954).

***Id.*** at 412.

In the case at bar, it is undisputed that both accounts were opened in the name of "Mr. or Mrs. J. E. Hartman," that the Mrs. J. E. Hartman referred to Mr. Hartman's then wife, Mildred Hartman. It is undisputed that subsequent to Mildred Hartman's death, Mr. Hartman continued to operate both accounts with the same account name and later, when he married the present Mrs. Hartman, he continued to use the accounts as he had after the death of his first wife. It really makes no difference whether the accounts as originally established created tenancies by the entirety, because if Mr. Hartman had not become the sole owner of the accounts upon the death of his wife, Mildred Hartman, he certainly had owned the accounts from their establishment. It is without controversy that at the time Mr. Hartman married Mrs. Ina Hartman, he was the sole owner of the accounts. There is no evidence in the record to indicate that subsequent to his marriage to Mrs. Ina Hartman he evidenced any intent to create any right of survivorship in the accounts. The fact that he continued using the accounts as he had before he married the second time does not establish any intent that the accounts were to be considered jointly held.

Accordingly, the decree of the trial court declaring Mrs. Ina Hartman the owner of the checking account is reversed, and the decree declaring the estate owner of the savings account is affirmed. Both accounts are declared to be a part of J. E. Hartman's estate. The case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed against the appellant, Mrs. Ina Hartman, and her surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.