IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 9, 2004 Session

**CHRISTA A. AVENELL v. JAMES ALLEN GIBSON**

**Appeal from the Chancery Court for Blount County**
**No. 03-046     Telford E. Forgety, Jr., Chancellor**

**No. E2004-01620-COA-R3-CV  - FILED FEBRUARY 28, 2005**

Christa A. Avenell,[1] sometimes referred to herein as "the plaintiff," brought this action against James Allen Gibson ("the creditor"), seeking to recover funds taken out of the Avenells' two joint accounts by their bank in response to a levy of execution. The trial court held that the 1988 amendment to Tenn. Code Ann. § 45-2-703 (2000) changed the law with respect to bank accounts held by individuals as tenants by the entirety; that Mrs. Avenell failed to prove she was entitled to the levied-upon funds; and that the creditor was entitled to retain the funds paid into court by the Avenells' bank. The plaintiff and her husband appeal. We reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which SHARON G. LEE, J., joined. HERSCHEL P. FRANKS, P.J., filed a separate dissenting opinion.

Harold B. Stone and Mark E. Brown, Knoxville, Tennessee, for the appellants, Christa A. Avenell and James S. Avenell.

Lance A. Evans, Maryville, Tennessee, for the appellee, James Allen Gibson.

**OPINION**

---

[1] The "Memorandum and Order" of the trial court entered June 18, 2004, recites that "although Mr. Avenell was not originally named a party to this action, at the [c]ourt's suggestion, and with his presence and consent, he was added as a [p]arty [p]laintiff." It appears the trial court believed that Mr. Avenell should be a party, probably because he was the judgment debtor and one of the parties whose names appeared on the joint bank accounts. For ease of reference, we will refer to the plaintiff in the singular and, in doing so, we are referring to Mrs. Avenell.

## I.

The plaintiff, whose name was then Christa A. Montano,[2] opened a checking account and a savings account at First Tennessee Bank ("the Bank") on December 1, 1997. On September 11, 1998, she married James S. Avenell. The following month, Mr. Avenell was added to the plaintiff's checking account. On the account signature card, a box was checked to reflect that the Avenells held the account as "[j]oint tenants with right of survivorship." On April 30, 1999, Mr. Avenell was also added to his wife's savings account; the signature card on the latter account was also checked to show that the account was held by the Avenells as "[j]oint tenants with right of survivorship."

On August 15, 2001, the creditor advanced Mr. Avenell $30,000. The plaintif was not a party to this transaction and did not sign the note to the creditor. Sixteen months later, the creditor obtained a judgment in the amount of $13,000 against Mr. Avenell on the note signed by him. On January 15, 2003, the creditor levied upon the Avenells' joint checking and savings accounts. As a result of the levy, the Bank paid into court $1,000 from the checking account and $10,201 from the savings account.

On March 14, 2003, the plaintiff filed a complaint in the trial court against the creditor, seeking to recover the funds the creditor had obtained through his levy of execution. In her complaint, the plaintiff asserted that the funds were taken from bank accounts that were held by the Avenells as tenants by the entirety. Her complaint was filed pursuant to Tenn. Code Ann. § 45-2-703(a), and sought the return of the funds that had been paid into court.

A bench trial was held on May 4, 2004. Relying upon an unpublished opinion of this court, the trial court determined that the law with respect to bank accounts held by parties as tenants by the entirety was changed by the 1988 amendment to Tenn. Code Ann. § 45-2-703(a); that the plaintiff had failed to prove her separate entitlement to the funds levied upon; and that the creditor was entitled to retain the fruits of his levy. From this judgment, Mrs. Avenell and her husband appeal.

## II.

In this non-jury case, our review is *de novo* upon the record of the proceedings below; but the record comes to us with a presumption of correctness as to the trial court's factual findings that we must honor "unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d). The trial court's conclusions of law, however, are accorded no such presumption. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996); *Presley v. Bennett*, 860 S.W.2d 857, 859 (Tenn. 1993).

---

[2]When these accounts were originally opened, the plaintiff was married to a Mr. Montano. On January 5, 1999, following her marriage to Mr. Avenell, she changed her surname to Avenell.

III.

The primary, and dispositive, issue raised on this appeal is whether Tenn. Code Ann. § 45-2-703(a), as amended in 1988, changed the long-standing law in Tennessee with respect to bank accounts held by married parties as tenants by the entirety. This issue presents a question of law. *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 506 (Tenn. 2004). Accordingly, we accord no presumption of correctness to the trial court's judgment. *Id*.

"Our duty in construing statutes is to ascertain and give effect to the intention and purpose of the legislature." *Id*. at 507.

IV.

"Tenancy by the entirety is, of course, a form of property ownership unique to married persons," and the ability of married persons to hold property as tenants by the entirety is well-established in this state. *Griffin v. Prince*, 632 S.W.2d 532, 534-35 (Tenn. 1982). When the statute emancipating married women was enacted in 1913, *see* Tenn. Code Ann. § 36-3-504 (2001), the Supreme Court initially held that the statute had abolished the concept of tenancy by the entirety. *See Kellar v. Kellar*, 221 S.W. 189, 190 (Tenn. 1920); *Gill v. McKinney*, 205 S.W. 416, 418 (Tenn. 1918). However, in 1919, the legislature enacted legislation, now codified at Tenn. Code Ann. § 36-3-505 (2001), which expressly states that "[n]othing in [the emancipation statute] shall be construed as abolishing tenancies by the entirety." *See Bost v. Johnson*, 133 S.W.2d 491, 492 (Tenn. 1939). Thus, with the exception of the six-year period from 1913 to 1919, tenancy by the entirety has been a recognized form of property ownership in this state for over a century.

When married individuals hold property as tenants by the entirety, "each spouse is seized of the whole or the entirety and not of a share, moiety, or divisible part." *Sloan v. Jones*, 241 S.W.2d 506, 507 (Tenn. 1951). The rule in this state has long been that personal property, as well as realty, may be held by spouses by the entirety. *See Campbell v. Campbell*, 66 S.W.2d 990, 992 (Tenn. 1934). As particularly relevant to the facts of the instant case, the Supreme Court has expressly held that ownership by the entirety may extend to bank accounts. *See Sloan*, 241 S.W.2d at 509.

In 1982, the Supreme Court was faced with a case similar to the one at bar, in which a creditor of a husband attempted to levy upon funds in the parties' joint checking and savings accounts. *Griffin*, 632 S.W.2d at 533. The signature cards associated with the two accounts reflected that the accounts were held in the name of the husband *or* the wife, and both cards stated that the accounts were joint accounts with right of survivorship. *Id.* at 533, 534. The creditor took the position that the use of the word "or" between the parties' names rather than "and," in addition to the designation of the accounts as joint accounts with right of survivorship, created a *joint tenancy* rather than a tenancy by the entirety. *Id.* at 534, 535. The Supreme Court, however, was quick to state that the law is well-established "that the words of a conveyance or legal instrument which would make two other persons joint tenants under the common law, or tenants in common under [what is now Tenn. Code Ann. § 66-1-107], will create tenancy by the entirety in a husband and

wife." ***Id.*** at 535. Further, the court noted the abundance of authority in Tennessee holding "that the use of the word 'or' between the names of spouses on a bank account or negotiable instrument does not preclude their ownership of the asset by the entirety." ***Id.*** at 536.

The creditor in the ***Griffin*** case also argued that the fact one spouse could write a check or make a withdrawal on the accounts without requiring the signature of the other spouse supported a finding that the accounts were not held by the parties as tenants by the entirety. *Id*. at 537. In response to this argument, the court quoted the language of Tenn. Code Ann. § 45-2-703(a), which, at that time, provided as follows:

> When a deposit has been made or shall hereafter be made, in any bank in the names of two (2) or more persons, payable to either, or survivor, such deposit, or any part thereof, or any interest or dividend thereon, may be paid to either of said persons, whether the others be living or not; and the receipt or acquittance of such person so paid shall be a valid and sufficient release and discharge to the bank for any payment so made.

Tenn. Code Ann. § 45-2-703(a) (1980). The court placed the following interpretation on the language of the statute:

> This statute was part of a major revision of the state's commercial banking laws enacted at the instance of the banking industry, 1969 Tenn. Pub. Acts, ch. 36. Nothing in the statutes or their history indicates any legislative intent to abolish tenancy by the entirety in bank deposits held by spouses or to convert such accounts into some other form of ownership merely because they are payable to either or subject to individual checking or withdrawal. The statutes just quoted were designed to protect the paying bank, not to change a basic and fundamental form of property ownership in bank deposits. The statutes do not distinguish between spouses and other types of joint depositors, but the substantive law of domestic relations has long done so.

***Id.*** (internal footnote omitted). The court in ***Griffin*** determined that the accounts of the husband and wife were held by them as tenants by the entirety and ordered that the funds levied upon in the lower court be released to them. ***Id.*** at 538.

Following the release of the ***Griffin*** opinion, the legislature, in 1983, amended Tenn. Code Ann. § 45-2-703(a) by adding the following sentence:

> Any balance so created shall be subject to assignment by, or the claim of any creditor of, either depositor, as if such depositor were the sole

-4-

owner of the funds; provided, however, that if such creditor realizes its claim, by garnishment, set off, or otherwise, any other depositor may, by appropriate action against the creditor, establish such rights as that depositor may have in the funds.

Tenn. Code Ann. § 45-2-703(a) (Supp. 1987).

In *Edwards v. Edwards*, the Supreme Court, in examining this amendment, concluded that "no substantive change has been made in [Tenn. Code Ann.] § 45-2-703 relative to bank accounts created jointly by husband and wife" and that *Griffin* "was not repudiated by the 1983 amendment." *Edwards v. Edwards*, 713 S.W.2d 642, 646 (Tenn. 1986). The court went on to state that "the amendment relieves the depository bank of responsibility to resist a third party's claim" and that the onus "of establishing the status of the deposit, as one of tenancy by the entirety, has shifted from the bank to the 'other' depositor." *Id.*

The holding in *Griffin*, the 1983 amendment to Tenn. Code Ann. § 45-2-703, and the interpretation of the amendment in the *Edwards* case clearly reflect that, prior to 1988, the law in this state was that (1) spouses held joint bank accounts as tenants by the entirety; (2) the 1983 amendment to Tenn. Code Ann. § 45-2-703 was enacted to relieve banks of the responsibility for determining whether to release funds to a creditor; and (3) the amendment forced the non-debtor spouse, rather than the bank, to establish "the status of the deposit, as one of tenancy by the entirety." *Edwards*, 713 S.W.2d at 646.

In 1988, the legislature again amended § 45-2-703(a), replacing the second sentence added in 1983 with the following language:

Any balance so created, *including*, without limitation, *any balance held by spouses*, shall be subject to assignment by, or the claim of any creditor of, either depositor, as if such depositor were the sole owner of the funds; provided, that if such creditor realizes its claim by any means other than enforcement of an assignment, pledge, or the grant of a security interest made by any one (1) of such depositors, any other depositor not indebted to the creditor may, by commencing a separate action against the creditor, establish such rights as that depositor may have in the funds.

Tenn. Code Ann. § 45-2-703(a) (emphasis added).

The amendment also added five new subsections to the statute. *See* Tenn. Code Ann. § 45-2-703(c)-(g); 1988 Tenn. Pub. Acts 926, § 2. A review of the legislative history pertaining to this amendment reveals that the primary purpose behind the amendment was the addition of the new subsections, which "discussed multiple party accounts" and gave parties opening bank accounts the right to elect whether they wanted the account to carry with it a right of survivorship. *See* Tenn. Gen.

Assemb., 95th G.A., 2d Sess. (1988), House Comm. on Commerce (April 5, 1988, tape # 2) (statements of William A. Byrn, Jr., Member, Tenn. Bar. Assoc. Prob. Study Comm.).

We believe the legislative history reflects that the legislature did not intend to make a "substantive change" in the law with respect to tenancy by the entirety. *See* Tenn. Gen. Assemb., 95th G.A., 2d Sess. (1988), Senate (February 17, 1988, tape # S-21) (statements of Lt. Gov. John S. Wilder). In fact, our careful review of the legislative history indicates only one instance in which the amendment to subsection (a) of the statute is referenced. Attorney William A. Byrn, Jr., who was testifying before the House Commerce Committee on behalf of the Tennessee Bar Association, responded to a question posed by Representative West as follows:

> West: Mr. Byrn, is it true that under this bill, an account in the names of two (2) or more persons, regardless of their relationships, would be subject to the claims of creditors of either of the two (2) or more depositors?

> Byrn: That is right and that is the present law, Mr. West.

Tenn. Gen. Assemb., 95th G.A., 2d Sess. (1988), House Comm. on Commerce (April 5, 1988, tape # 2). Mr. Byrn then made the following comment:

> The only thing changed [in subsection (a)] is by adding the words in that . . . ["]by commencing a separate action.["] It's hazy procedurally under the present law that sometime[s] a person may be charged for reimbursement without actually being a party to the suit, so this is not [a] change in the present law in subparagraph a.

*Id*.

Thus, even though the legislature, in amending subsection (a) of the statute, added the language, "including, without limitation, any balance held by spouses," it seems clear to us that the legislature was not attempting to change the law of tenancy by the entirety; rather, it was simply clarifying – probably for the primary benefit of banks – that all joint accounts were subject to the claims of creditors, including those held by spouses. Moreover, the query posed by Mr. West regarding joint accounts being subject to the claims of creditors of either of the two depositors, and Mr. Byrn's response that that was the current state of the law, merely emphasizes that a creditor had, and still has, the right to *levy* upon the funds in jointly-held bank accounts; it does not mean that the creditor ultimately will be entitled to *keep* the funds levied upon. The creditor's right to *keep* the funds will depend upon the proof adduced at the hearing in the subsequently-filed separate action by the non-debtor depositor.

In the instant case, the creditor contends that the 1988 amendment to the statute changed the law of tenancy by the entirety in that, according to the creditor, a non-debtor spouse must now prove

personal entitlement to the levied-upon funds just as a non-debtor depositor would with respect to an account in joint tenancy where the depositors are not married. In support of his position, the creditor relies upon an unpublished opinion of this court, **Al-Haddad Brothers v. Intersparex Ledden KG**, No. 01A01-9207-CH-00298, 1993 WL 4858 (Tenn. Ct. App. M.S., filed January 13, 1993). In **Al-Haddad**, the creditor garnished funds from a bank account held jointly by a debtor male and a female who ostensibly were married to each other. **Id.**, at *1. The depositors then moved the trial court to set aside the garnishment on the ground that the bank account was held by them as tenants by the entirety and that they were therefore entitled to the return of the funds. **Id.**

Following a detailed examination of the woman's claim of entitlement to certain deposits in the accounts, the court found that she failed to prove that the funds were her property. **Id.**, at *3-*4. With respect to the woman's claim that the account was held with her spouse as tenants by the entirety, the court pointed out that the wife's reliance on the **Griffin** case was misplaced, as that decision was rendered before the statute was amended in 1988 to include the language "including, without limitation, any balance held by spouses." **Al-Haddad**, 1993 WL 4858, at *3. However, the court went on to state that the parties were not validly married because their purported marriage occurred before the man's divorce from his first wife was finalized. **Id.**, at *4. Because of the voidness of their purported marriage, the court ruled that they did not hold the subject account as tenants by the entirety. **Id.**

Because the **Al-Haddad** case did not involve a bank account held in the names of tenants by the entirety, the reasoning employed by the court with respect to the meaning and interpretation of Tenn. Code Ann. § 45-2-703, as that statute pertains to accounts held jointly by married individuals, is clearly dicta. **Al-Haddad** has no precedential value in this case, involving, as it does, a joint account owned by persons in a valid subsisting marriage.

In addition to **Al-Haddad**, the creditor relies upon another unpublished opinion of this court to support his argument. *See* **Harber v. Nolan**, No. E2000-00356-COA-R3-CV, 2000 WL 1100229 (Tenn. Ct. App. E.S., filed August 3, 2000). In **Harber**, we made the following statement:

> [Tenn. Code Ann.] § 45-2-703(a) provides a specific remedy for a non-debtor spouse depositor whose funds are garnished by the creditor of a debtor spouse. Ms. Harber, as a non-debtor spouse depositor, has a right under [Tenn. Code Ann.] § 45-2-703(a) to "commence a separate action against the creditor" to establish such rights as she may have in the funds.

**Id.**, at *3. In the case at bar, the creditor contends that **Harber** supports his position that the non-debtor spouse must prove that all, or part of, the funds in the bank account are *directly attributable to him or her.* We disagree. The above-quoted language merely states that a non-debtor spouse, under the statute, may bring a separate action against the creditor to "establish such rights as [he or] she may have in the funds." This is nothing more than a self-evident truism. It says absolutely nothing about the nature and extent of the "rights" of the non-debtor spouse depositor.

-7-

The present-version of the statute applies broadly to all deposits "in the names of two (2) or more persons, payable to either, or survivor" and includes "any balance held by spouses." As relevant to the facts of the instant case, the meaning of the statute is clear: when a bank receives a garnishment or execution arising out of a "claim of any creditor of [ ] either depositor," the bank must respond "as if such depositor were the sole owner of the funds." That is precisely what the bank did in the instant case. It paid monies from the two accounts into court as if Mr. Avenell were the "sole owner of the funds."

We hold that the 1988 amendment expresses that which was clearly set forth in *Edwards*, *i.e.*, that deposits "in the names of two (2) or more persons, payable to either, or survivor" means *all* such deposits – be they held by married individuals or otherwise. It is reasonable to assume that the banking industry sought the amendment lest there be any doubt, in view of the Supreme Court's decision in *Edwards*, as to the scope of the relief of responsibility vested upon them by the statute. We find nothing in the language of the 1988 amendment to suggest that the legislature, by including the language "any balance held by spouses" intended to change the century-plus old law pertaining to the nature of the ownership interest of tenancy by the entirety. If this well-established form of ownership is to be changed, it should be done by the clearest of language. The current version of Tenn. Code Ann. § 45-2-703(a) does not evidence such a change. In so many words, the statute simply instructs banks to (1) pay the funds into court, (2) get out of the way, and (3) let the non-debtor depositor "fight it out" with the creditor by showing "such rights as that depositor may have in the funds." In the case of a non-debtor spouse depositor with respect to a joint account held by the parties as tenants by the entirety, those "rights" translate into an entitlement to the return of the levied-upon funds.

In the case of unmarried persons holding a joint account, the non-debtor account holder *would* be required to prove to the court that all, or part of, the levied-upon funds were directly attributable to him or her to the exclusion of the debtor depositor, in order for that portion of the funds to be returned to the non-debtor depositor. However, because married persons hold joint bank accounts as tenants by the entirety, "each spouse is seized of the whole or the entirety and not of a share, moiety, or divisible part." *Sloan*, 241 S.W.2d at 507. Therefore, the non-debtor spouse need only prove to the court that the subject funds are in the parties' joint names and that he or she is married to the debtor spouse in order to entitle the plaintiff to the return of *all* levied-upon funds. When the legislature used the language, "may, by commencing a separate action against the creditor, establish such rights as that depositor may have in the funds," it mandated what the non-debtor depositor needed to do; it did not purport to change the nature of the rights of a married non-debtor depositor.

We hold that there is absolutely nothing in the common law, statutory law, or legislative history in this state evincing an intent to change the law with respect to tenancy by the entirety. *Griffin* and *Edwards* control the issue before us. Because the plaintiff in the instant case proved (1) that the funds garnished by the creditor were taken from an account held by the parties as tenants by the entirety and (2) that she and Mr. Avenell are married, she is entitled to a dismissal of the levy of execution and a release of the funds.

V.

In addition to the primary issue, the plaintiff asserts that the trial court erred in weighing the equities of the case and in concluding that the equities weighed in favor of a finding for the creditor. This issue is rendered moot in light of our decision with respect to the law of tenancy by the entirety and our resulting reversal of the trial court's ruling.

VI.

The creditor requests that we award him attorney fees, costs, and expenses incurred in defending this appeal, on the basis that the appeal is a frivolous one. In view of our decision in favor of the appealing party, this successful appeal can hardly be characterized as frivolous.

VII.

The judgment of the trial court is reversed. This case is remanded to the trial court "with directions to dismiss the [levy of execution] and to release the funds to the order of [the Avenells]." *Griffin*, 632 S.W.2d at 538. Costs on appeal are taxed to the appellee, James Allen Gibson.

_____
CHARLES D. SUSANO, JR., JUDGE